## BAILEY & al. versus FISKE.

Within the import of the Massachusetts Act of 1786, prohibiting the marriage of a white person with any negro, Indian or mulatto, a person having but one-sixteenth, (or perhaps one-eighth,) of the colored blood is to be considered a white person. The marriage of such person with a mulatto was null, and the children of such marriage, being illegitimate, could not take their father's land by inheritance.

WRIT OF ENTRY. The demandants claim as heirs at law of their father Tobias Jones. The evidence introduced by them proved, *that* Tobias was a mulatto; *that* their mother, (who was married to him fifty-nine years ago,) was a daughter of a father who was entirely white, and of a mother who was one-eighth Indian, she having been the child of a man who was a quarter Indian. The Judge considered the marriage of Tobias Jones to have been null, and ordered a nonsuit, to which the demandants excepted.

*Fox*, for the demandants.

*W. P. Fessenden*, for the tenant.

SHEPLEY, C. J. — There is a difference of opinion respecting the proportion of African blood, which will prevent a person possessing it from being regarded as white.

Some Courts appear to have held, that a person should be so regarded, when his white blood predominated both in proportion and in appearance.

Those least disposed to consider persons to be white, who

have any proportion of African blood, have admitted, that persons possessing only one-eighth part of such blood should be regarded as white. 2 Kent's Com. 36, note, 7th Ed.

There was in Abigail Jones, according to her testimony, but one-sixteenth part of Indian blood, and she must be considered a white woman. She was married to a mulatto, who could not be regarded as a white man.

The marriage of white with colored persons was then forbidden by statute. Their children were therefore illegitimate, and they could not inherit from their father.

*Exceptions overruled and nonsuit confirmed.*