STATE v. ISAAC KENNEDY and MAG KENNEDY.

*Fornication and Adultery -- Marriage between Negro and White in Another State -- Domicil in this State.*

A marriage, solemnized in a State whose laws permit such marriage, between a negro and a white person domiciled in this State and who leave it for the purpose of evading its laws and with intent to return, is not valid in this State.

(*Williams* v. *Oates*, 5 Ire. 535, cited and approved.)

INDICTMENT for Fornication and Adultery, tried at August Special Term, 1876, of MECKLENBURG Superior Court, before *Schenck, J.*

By consent the following special verdict was rendered; Isaac Kennedy is a negro man and Mag Kennedy a white woman. In 1868 they were citizens of this State. Subsequently they went to South Carolina to evade the law of this State prohibiting intermarriage of negroes and white persons, and were married according to the law of that State and immediately returned to this State. They did not intend to change their domicil from North Carolina, and have lived together as man and wife. The laws of South Carolina do not prohibit marriages between such persons.

Upon this state of facts His Honor held that the defendants were guilty as charged in the bill of indictment and the verdict was so entered. Judgment. Appeal by defendants.

*Attorney General,* for the State.
*Messrs. Shipp & Bailey,* for the defendants.

RODMAN, J. The defendants in this case were domiciled in North Carolina before and at the time of their marriage in South Carolina, to which State they went for the purpose

of evading the law of North Carolina which prohibited their marriage, and they immediately after the marriage returned to North Carolina where they have since continued to reside.

To quote from the opinion of Lord Cranworth in *Brook* v. *Brook*, 9 H. L. 193. "There can be no doubt of the power of every country to make laws regulating the marriage of its own subjects; to declare who may marry; how they shall marry; and the consequences of their marrying."

It is not necessary to say that a marriage contracted in another State between residents of this State, without the rites and ceremonies required in this State, will be void, even though the parties left this State for the purpose of evading those rites. *Dalrymple* v. *Dalrymple*, 2 Hagg. Consist. R. 416.

As to the formalities of the marriage the *lex loci* will govern. But when the law of North Carolina declares that all marriages between negroes and white persons shall be void, this is a personal incapacity which follows the parties wherever they go so long as they remain domiciled in North Carolina. And we conceive that it is immaterial whether they left the State with the intent to evade its law or not, if they had not *bona fide* acquired a domicil elsewhere at the time of the marriage. Story Confl. Laws, § 65. *Williams* v. *Oates*, 3 Ire. 535. In *Brook* v. *Brook*, above cited, Lord Campbell says, "It is quite obvious that no civilized State can allow its domiciled subjects or citizens by making a temporary visit to a foreign country, to enter into a contract to be performed in the place of domicil if the contract is forbidden by the law of the place of domicil, as contrary to religion, or to morality, or to any of its fundamental institutions." In that case an Englishman casually met in Denmark the sister of his deceased wife and married her there. As such marriages were prohibited between English subjects it was held void.

A law like this of ours would be very idle if it could be avoided by merely stepping over an imaginary line.

There are cases to the contrary of this conclusion decided by Courts for which we have great respect. They are cited and the whole question is learnedly and earnestly discussed by 1 Bishop Mar. and Div., § § 371, 389 ; *Medway* v. *Needham*, 16 Mass. 157 ; *Stevenson* v. *Gray*, 17 B. Mon. (Ky.) 193.

It seems to us however that when it is conceded as it is, that a State may by legislation extend her law prescribing incapacities for contracting marriage over her own citizens who contract marriage in other countries by whose law no such incapacities exist, as Massachusetts did after the decision in *Medway* v. *Needham*, the main question is conceded, and what remains is of little importance. Nothing remains but the question of legislative intent to be collected from the statute. About the intent in this case we have no doubt.

There is no error. Let this opinion be certified.

PER CURIAM.                              Judgment affirmed.