#### THE STATE v. RHODA PARKER.

*Marriage—Husband and Wife—Ratification—Bigamy.*

1. The admission of testimony, incompetent because irrelevant, will not be sufficient to warrant a new trial, unless it is apparent that the party against whom it is admitted was, or might have been, prejudiced thereby, and the burden is on the party objecting to show that fact.

2. Marriages entered into by a female under fourteen, or a male under sixteen, are not void, but voidable.

3. Where a marriage is entered into by one under the legal age, but is followed by a cohabitation of twenty years, the parties acknowledging each other and being recognized as husband and wife, though such marriage in its inception is invalid, by reason of such ratification by the parties, it will not be declared void.

4. The failure to procure a license to marry will not invalidate a marriage otherwise good.

5. An elder in the colored Methodist Church is "an ordained minister" of the Gospel within the meaning of the statute, and, as such, can celebrate the rites of matrimony.

6. An exception to the charge "as a whole" will not be considered.

7. A witness will not be allowed to testify in respect to the age of a party, when his evidence is based upon information derived from a third person who is still living.

Indictment for Bigamy, tried at January Term, 1890, of CUMBERLAND Superior Court, *Bynum, J.,* presiding.

There was a verdict of guilty, and from the judgment pronounced thereon the defendant appealed.

*The Attorney General,* for the State.
*Mr. T. H. Sutton,* for the defendant.

CLARK, J.: The first assignment of error is, that a witness for the State was allowed to testify, after objection, that the defendant was forty years of age, and that he stated this

upon information had from defendant's sister. As it did not affirmatively appear that the sister was dead at the time of the trial, the evidence was improperly admitted. *Hodges* v. *Hodges* (at this term), and cases there cited.

The defendant testified that she was thirty-six years old at the trial, with the view of showing that she was about thirteen years of age at the time of the alleged first marriage. The evidence was conflicting as to whether there was a first marriage, and as to its date. The jury, upon the evidence, found that there was such first marriage.

This being so, it is immaterial whether defendant, at its date, was thirteeen years of age, as she contends, or over fourteen, as contended by the State; for, upon any view of the evidence, the defendant had lived with such husband over twenty years, and has borne him ten children. The evidence, therefore, was merely irrelevant, and as it could not have prejudiced the defendant, its admission affords no ground for a new trial *Scoggins* v. *Turner*, 98 N. C, 135; *Jones* v. *Call*, 93 N. C., 170; *Dupree* v. *Ins. Co.*, 92 N. C., 417. And the burden is on appellant to show that he has been prejudiced by the admission of immaterial evidence. *Livingston* v. *Dunlap*, 99 N. C., 268.

⌐ While marriage is a contract, it differs from other contracts in many respects, especially in that it can be entered into by minors. *The Code*, § 1810, it is true, provides that a marriage by a female under fourteen years of age, or a male person under sixteen, is void, but the *proviso* speaks of its being "declared void," and the construction of the statute by the Courts has always been that the meaning is that such marriages are voidable. The only marriages (under section 1810) which are absolutely void are those between a white person and one of negro or Indian blood (or descent to the third generation inclusive), and bigamous marriages. The others need to be "declared void." That has not been done here, and defendant's first marriage is still a valid one. Indeed,

it may be doubted if such marriage can be declared invalid when the parties have ratified it by cohabitation after arriving at the age of ·consent. "If the parties, after arriving at the above specified age of consent, continue to cohabit and live together as man and wife, this is a ratification." Coke on Littleton, 79; 1 Black. Com., 436; 1 Bish. Marriage and Divorce, 150 (4th ed ), and PEARSON, C. J , in *Koonce* v. *Wallace*, 7 Jones, 194. Though the form of the statute has been somewhat changed since the latter decision, the "reason of the thing" is the same. The evidence here of more than twenty years' cohabitation, and ten children resulting from it, is uncontradicted and should be ample proof of ratification.

The second exception is, that the Court told the jury that if defendant was united in marriage to her alleged husband by a colored preacher (shown in the evidence to have been an elder in the colored Methodist Church), with or without license, it was a lawful marriage. *The Code*, § 1813, forbids any officer or minister from performing the ceremony of marriage unless the license therein required shall be produced. The failure to comply with the requirements as to the license "subjects the officer or minister to the penalty (denounced by *The Code*, § 1817), but the marriage is, notwithstanding, good to every intent and purpose." *State* v. *Robbins*, 6 Ired., 23. *The Code*, § 1812, authorizes the solemnization of the ceremony by "an ordained minister of any religious denomination, or a Justice of the Peace." A reference to the "Book of Discipline," as authorized by the precedent set in *State* v. *Bray*, 13 Ired., 289, shows that an elder in the colored M. E. Church is always an "ordained minister." It may be noted that the statute now is broader than when the decision in *State* v. *Bray* was rendered, and the failure to show that the minister possessed certain qualifications then required by the statute, and which caused that case to be sent back for a new trial, is now immaterial.

The third exception is, that the Court did not instruct the jury that the weight of the evidence was that there had been no such first marriage, as alleged by the State. Had the Judge done so, it would have been a violation of the Act of 1796, now *The Code,* § 413.

The fourth and last exception is " to the charge as given." The whole charge is not sent up. Had it been, still this exception is too general to be considered. *McKinnon* v. *Morrison,* 104 N. C., 354; *Taylor* v. *Plummer,* 105 N. C., 56.

No error.