## DODSON *v.* STATE.

### Opinion delivered July 6, 1895.

MARRIAGE—STATE REGULATION—Marriage is not simply a civil contract, but is also a social and domestic relation, subject to regulation by the state.

CONSTITUTIONAL LAW—MISCEGENATION—Sand. & H. Dig., sec. 4909, providing that "all marriages of white persons with negroes or mulattoes are declared to be illegal and void," is not in conflict with the provisions of either the state or federal constitutions abolishing slavery and conferring upon the negro race equal rights and privileges with other races.

CRIMINAL LAW—IGNORANCE AS DEFENSE—It is no defense to a prosecution for violating the law against intermarriages between whites and negroes that the guilty parties were ignorant of the law.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*F. T. Vaughan,* for appellant.

Section 4909, Sand. & Hill's Digest was repealed by implication by the constitutions of 1864, 1868 and 1874 and the fourteenth amendment to the constitution of the United States. See Const. 1864, sec. 1; Const. 1868, secs. 3, 18; Const. 1874, art. 2, secs. 2, 3, 27; art. 11 sec. 2 and sec. 1 to schedule; 17 Am. Rep. 34. Upon the question of repeals by implication, see 24 Ark. 92;

*Ib.* 480 ; *Ib.* 629 ; 52 *id.* 290; 49 *id.* 110 ; 46 *id.* 229 ; 53 *id.* 247 ; *Ib.* 117, 22 ; 34 *id.* 224 ; 30 *id.* 560 ; 31 *id.* 17. Appellant is not guilty of an offense against the *spirit* of the law. He married in good faith, believing he had the legal right to do so, there being no law on the statute books at that time forbidding marriage between the races.

*E. B. Kinsworthy*, Attorney General, for appellee.

Similar statutes have everywhere been upheld, as not in conflict with the fourteenth amendment or civil rights bill. The case of *Powers* v. *State*, 48 Ala. 195, cited by appellant, was overruled in 58 Ala. 190. The law has been held constitutional. 3 Tex. App. 263 ; 36 Ind. 389; 9 Tex. App. 144 ; 30 Gratt (Va.), 858 ; 19 How. (U. S.), 393 ; 1 Wood (U. S.), 537 ; 14 Am. & Eng. Enc. Law, 498; Stewart on Mar. & Div. sec. 157. The statute is constitutional when it renders such marriages void. Desty, Cr. Law, sec. 59 ; 59 Ala. 57 ; 3 Tex App. 263 ; 39 Ga. 321 ; 76 N. C. 251 ; 9 Humph. (Tenn.), 74 ; 34 Me. 77. Neither the adoption of a new constitution nor the abolition of slavery interrupts the operation of such prior statutes. Bish. St. Cr. (2 ed.) sec. 738 ; 1 Bish. Mar. Div. & Sep. sec. 689.

BUNN, C. J. This is a prosecution begun before T. W. Wilson, one of the justices of the peace of Pulaski county, upon the following affidavit, and the warrant issued thereon, to-wit: "I, T. C. Miller, do solemnly swear, that Thomas Dodson and Mrs. —— Dodson, in said county of Pulaski, did on the first day of March, 1891, live and cohabit together as husband and wife, he being a negro man and she being a white woman, in violation of the statute laws of the State of Arkansas ; and pray a warrant from T. W. Wilson, justice of the peace for said county, to apprehend and bring said Thomas Dodson before said justice, to be dealt with according to law."

The defendant, Thomas Dodson, was found guilty of the charge by the justice of the peace, and fined in the sum of twenty-five dollars, from which judgment the defendant appealed.

In the circuit court the case was submitted to the court sitting as a jury, on an agreed statement of facts, which is as follows: "That the defendant, Thomas Dodson, is a negro man, and that Mary Dodson is a white woman; that in 1874 they applied to the county clerk of Pulaski county, and obtained a license to marry; that they took said license to a minister of the gospel, and he performed the ceremony of marriage between said Thomas Dodson and Mary Dodson, since which time they have lived together as husband and wife, and have raised a family, in Pulaski county; that there was no legal objection or impediment in the way of their marrying, except that one was white and the other a negro, which was the only question submitted for the decision of the Pulaski circuit court."

The court found that the parties could not legally marry, and found the appellant guilty, and assessed his punishment at twenty-five dollars. Whereupon defendant appealed to this court.

The only questions in this case are: "Is section 4909, Sand. & H. Digest, constitutional? and was it in force at the time of the marriage, and is it still in force? That section was enacted and approved February 20, 1838, and is section 4, chapter 94, of the Revised Statutes. It was continued in all the digests of the statute laws of this state down to the Digest of 1874, in which it does not appear. It was brought forward in the Digest of 1884, and has never been repealed by any act of the legislature. The evidence shows that appellant and Mary Dodson, the one being a negro man and the other a white woman, took out license to marry from the county clerk of Pulaski county, and were mar-

ried by a minister of the gospel accordingly, sometime in the year 1874, and have been living together as husband and wife since that time.

Regulation
of marriage
by statute. The first contention of appellant is, that the statute named was repealed by the several constitutions of the state, adopted in 1864, 1868 and 1874. The argument on this point develops the fact that the contention is based on the abolition of negro slavery in those constitutions, and the consequent conferring upon that race equal rights and privileges with other races enjoying the rights and privileges of citizenship theretofore; and, proceeding upon this foundation, it is contended that, as the making of contracts is one of the rights and privileges of the citizen, and marriage being in the eyes of the law only a civil contract, therefore the right and privilege of entering into such a contract cannot be lawfully abridged. The fallacy of the contention is two-fold. First, the prohibitory statute makes no reference to the condition of the races named, whether free or in slavery; and, secondly, it is not true that marriage is only a civil contract. It is more than that. It is a social and domestic relation, subject to the exercise of the highest governmental power of the sovereign state—the police power. *Green* v. *State*, 58 Ala. 190.

Nor does the continued existence of the prohibitory act depend on the rather uncertain foundation that its repeal cannot be asserted because, although in spirit repealed, yet, since this is only by implication, it must stand. The act is on a more solid foundation than that. If repealed in the way contended for, it involves a surrender by the people of one of the attributes of sovereignty. That cannot be attributed to the people, unless made by express declaration, if at all.

Validity of
statute prohib-
iting misceg-
enation. The act in question has not been repealed or affected by any of the amendments to the federal constitution, and its validity, from a constitutional standpoint, is

unquestioned. *Francois* v. *State*, 9 Tex. App. 144; Stewart on Marriage & Divorce, sec. 157; *State* v. *Gibson*, 36 Ind. 389; *Kinney* v. *Commonwealth*, 30 Grattan (Va.) 858; In re *Hobbs*, 1 Woods (U. S. C. C.) 537; Bishop on St. Cr. (2 ed.) sec. 738; 1 Bishop on Mar., Div. and Separation, sec. 689. Our statute declares all such marriages illegal and void, and, that being the case, it is constitutional. *Hoover* v. *State*, 59 Ala. 57; *Frasher* v. *State*, 3 Tex. App. 263; *Scott* v. *State*, 39 Ga. 321; *State* v. *Kennedy*, 76 N. C. 251; *State* v. *Brady*, 9 Humphreys (Tenn.), 74; *Bailey* v. *Fiske*, 34 Me. 77.

Another plea of defendant is that he married in good faith, the statute in question not then being included in the digest of the statutes. If the plea was based on the facts as claimed, it would be unavailing, since ignorance of the law can never affect the judgment of a court of justice, however much it may be addressed to other departments of the government; but the evidence is that the marriage was entered into in 1874, and the digest in which the statute does not appear appears to have been published in the same year. No special date appears as marking either event, and we cannot determine that point, even if it were important to attempt to do so.

*Ignorance of law no defense.*

Seeing no error, the judgment of the lower court is affirmed.

[NOTE.—The equal rights and privileges of negroes are the subject of annotation to *Louisville, S. V. & T. Co.* v. *Louisville & N. R. Co.*, (Ky.) 14 L. R. A. 579.—Rep.]