EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-CHANCELLORS.

---

ALICE JIMENEZ, petitioner,

*v.*

RALPH JIMENEZ, defendant.

[Decided February 28th, 1922.]

1. Marriage, as to its dissolution, is governed by the *lex domicilii*, and so is the nullity of a voidable marriage.

2. Decrees of *nullity* of marriage are granted in New Jersey only for causes existing under our law and not for causes existing under the law of a foreign state. although such state recognizes the cause of action as ground for the same relief prayed for in this state. It is otherwise in cases for *divorce* under our statute.

3. Under our statute providing that a decree of nullity of marriage may be rendered at the suit of the wife when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age, nullity will be denied to a wife who lived with her husband for three months and upwards after attaining the age of sixteen years. upon the ground that she thus confirmed the marriage.

4. How long a wife who was married under the statutory age of consent must live with her husband after attaining that age, in order to be deemed to confirm and ratify the marriage, has not been determined as a hard and fast rule; but if at the age of consent the party who may repudiate, agrees, confirmation results and there can be no subsequent disagreement.

5. Where the matrimonial domicile of spouses is in a foreign state, can a wife, claiming the marriage is voidable, desert her husband in that state and come to this state and here obtain a domicile for the purpose of bringing a nullity suit, *quære*.

On final hearing on master's report and depositions *ex parte*.

*Mr. Isadore Rabinowitz,* for the petitioner.

WALKER, CHANCELLOR.

This is a petition for annulment of marriage brought by the wife on the ground that she was under the age of consent at the time of the performance of the ceremony, and has not confirmed the marriage since attaining that age. The petition alleges that the parties were married on or about March 4th, 1918, in the city and State of New York; that by an act of the legislature of New York, being chapter 19 of the laws of 1909, it is *inter alia* provided that a marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto is under the age of legal consent, which is eighteen years, and which statute remained in full force and effect as the law of New York at the time of the marriage of these parties; that at that time petitioner was fifteen years and eight months old. and at the time of filing this petition was of the age of eighteen years

and eleven months, having been born July 29th, 1902; that she has not confirmed or ratified the said marriage; that she was a *bona fide* resident of New Jersey at the commencement of this action; and prays that the marriage may be decreed to be null and void pursuant to *our* statute. All the facts as pleaded are corroborated and sufficiently verified.

Marriage, as to its dissolution, is governed by the *lex domicilii. Bolmer* v. *Edsall, 90 N. J. Eq. 299, 303.* And this applies to nullity suits as well. The petitioner claims to be domiciled in New Jersey and invokes the jurisdiction of our court. Therefore, her case must be decided by the application of our law.

Our statute provides that a decree of nullity of marriage may be rendered at the suit of the wife when she was under the age of sixteen (not eighteen) years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age. *P. L. 1907 p. 474 § 1 subdiv. 5; Comp. Stat. p. 2021.*

The petitioner testifies *inter alia* that immediately after her marriage to the defendant on March 5th, 1918, she went to live with her husband in New York state and lived with him until the month of November, 1918, at which time she went home to Rutherford, New Jersey, to her father and mother and has never seen her husband since. She says:

"I have never ratified or confirmed my alleged marriage with the defendant since I have become eighteen years of age, having left my husband permanently in November, 1918, and never having heard from him since, when I was the age of sixteen years and four months. I have never received any letters from him nor have I written to him since I left him."

It will be observed that the petitioner says that she has not confirmed her marriage with the defendant since becoming eighteen years of age, but, according to her own statement, she was sixteen years and four months old (sixteen years, three months and several days precisely) when she left him.

We do not grant divorces or nullity of marriage under the statutes of New York, but those of our own state only. The petitioner has evidently mistaken the provision of our Divorce act that

divorce (not nullity) may be granted where the cause of action alleged was recognized in the jurisdiction in which the party resided at the time the cause arose, as ground for similar relief asked for in an action in this state. *P. L. 1907 p. 474 § 3(b)*. Therefore, if nullity is to be decreed it must be because our statute, not that of New York, provides the remedy, and it does not, as this young woman lived with her husband upwards of three months after she was sixteen—the age at which under our statutes she must make her election to confirm or repudiate the marriage.

I have found no case which prescribed the length of time considered necessary to ratify and confirm a marriage after coming of the legal age of consent by the spouse who was married under such age. In *1 Bish. M., D. & S.* § 577, the learned author states that an obvious way of confirming is by continuing to co habit or by sexual intercourse. In *2 Com. Dig. 73*, it is stated that if persons marry under legal age the husband or wife may agree or disagree at his or her age of consent, and (at *p. 74*) that if either at the age of consent once agree to the marriage they cannot afterward disagree; and this is also laid down in *Hubb. Suc.* \*272. There is no testimony that this young woman disagreed to her marriage upon attaining the age of sixteen years, and, if there were, the disagreement would be without effect because she continued to cohabit with her husband for upwards of three months, as just stated. I presume that cohabiting with him for the shortest possible time after attaining the age of consent, and indulgence in sexual intercourse, would confirm the marriage. It is, of course, to be presumed that these parties had sexual intercourse during the three months and more they lived together after the wife attained the age of sixteen years. It seems to me that there is a strong analogy between nullity for this cause and nullity under the general jurisdiction for fraud where the marriage has not be consummated. See *Bolmer* v. *Edsall, 90 N. J. Eq. 299; Ysern* v. *Horter, 91 N. J. Eq. 189; Dooley* v. *Dooley, 115 Atl. Rep. 268.* That is, if there has been reconsummation after attaining the age of consent, with full knowledge as to age, the right of nullity may be gone.

Another thing: The statute of New York is not the same as ours, and if the provision as to divorce in our state that a decree may be granted where the injured party came into this state after the cause of action arose, where that cause was recognized in the other jurisdiction at the time it arose, was provided also for nullity suits, still the provision would not come in aid of the petitioner here. The provision in New York that eighteen shall be the age of consent to marriage by a female, and sixteen in our state, are quite different; and that difference is pointedly manifested in this case, for here the petitioner confirmed her marriage by living with the defendant after the age of consent provided by our statute, which defeats her application, when, if she continued to live in New York and sought redress in its courts on the same state of facts she presents here, she might have been afforded relief.

The question of domicile suggests itself. The law is settled that it is the right of the husband, acting for the benefit and not in tyranny to the wife, to determine where the matrimonial domicile shall be. *2 Bish. M., D. & S.* § *1713.* In other words, the husband fixes the domicile. And the matrimonial domicile of these parties was in the State of New York. The wife's leaving the husband and coming here to her parents was an actual desertion, and the question arises, Could she in doing this, even if her marriage was voidable, obtain an independent domicile herself in this state to enable her to bring a nullity suit here?

Because for the other reasons above set forth the petitioner's suit must fail, it is unnecessary to decide this question.

Let the petition be dismissed.