Complainant and defendant went from their homes in Memphis to Marion, Arkansas, on the 27th day of July, 1926, and were married. They immediately returned to their respective homes in Memphis, where they have since resided. During their married life they only lived together one day and two nights. At the time of their marriage each was sixteen years of age.
The present bill was filed on October 29, 1926, for the purpose of having said marriage annulled, it being alleged that same was void or voidable under the statutes of Arkansas, which fixes the age at which a male can enter into a contract to marry at seventeen years.
The theory of the bill is that said marriage contract being voidable under the laws of Arkansas, will be annulled by the courts of this State, upon the well recognized principle of law that a marriage invalid where celebrated is invalid everywhere.
The Chancellor and the Court of Appeals recognized this general principle of law, but held that under the doctrine of comity the court would not annul such a contract where it would be against the public policy of this State to do so, and cited section 4192a1 of Shannon's Annotated Code, which provides that marriage licenses shall not be issued to persons either of whom at the time shall be under sixteen years of age.
The other courts held that since the marriage in question would have been valid if entered into in Tennessee, under the foregoing statute, it will not be dissolved by our courts for the reason that the public policy of this State favors the validity of marriages.
Counsel neglected calling the attention of the Chancellor and the Court of Appeals to chapter 156 of the Acts of 1919, which amends the foregoing statute so *Page 636 
as to raise the age from sixteen to eighteen years, thus changing the policy of our law with respect to the age at which persons may marry, and the marriage between complainant and defendant was, therefore, contrary to the public policy of this State as well as that of Arkansas.
It follows that the decree of the Court of Appeals will be reversed and a decree will be entered here in accordance with the prayer of the bill.
Complainant and his surety on his appeal bond will be taxed with the costs of the cause. *Page 637