EUGENIA M. SAWYER, MOTHER AND NEXT FRIEND OF IRIS C. LAND, AND S. B. SEYMOUR, REGISTER OF DEEDS OF CAMDEN COUNTY, v. ALVAH FLOYD SLACK.

(Filed 6 March, 1929.)

**1. Marriage—Annulment—Jurisdiction of Suit for Annulment.**

The courts of this State have jurisdiction of a suit to annul a marriage performed here, although the plaintiff was a nonresident of this State at the time of the commencement of the suit. C. S., 1658.

**2. Same—Annulment in Nature of Divorce.**

A suit to annul a marriage for statutory reasons is in the nature of an action for divorce, with the same procedure except that the affidavit setting forth the jurisdictional facts is not required.

**3. Marriage—Validity—Marriage of Female Between the Ages of Fourteen and Sixteen.**

The marriage of a female between the ages of fourteen and sixteen without the written consent of her parent and without the special license required by chapter 75, Public Laws 1923, amending C. S., 2494, is not void but voidable.

**4. Marriage—Annulment—Marriage of Female Between the Ages of Fourteen and Sixteen—Persons Who May Bring Suit for Annulment.**

Where the register of deeds has been induced by fraudulent representations to issue a licence for the marriage of a female between the ages of fourteen and sixteen without conforming with chapter 75, Public Laws 1923, as to the written consent of her parent, the marriage is voidable only at the suit of the female, and neither the parent nor the register of deeds may maintain a suit to declare the marriage void, though the latter may at most maintain an action to revoke and cancel the licence issued by him before the solemnization of the marriage. C. S., 1658.

**5. Same—Construction of Statutes.**

C. S., 2494, as amended by chapter 75, Public Laws 1923, does not expressly declare a marriage void when the licence is issued upon fraudulent representations for the marriage of a female between the ages of fourteen and sixteen without the written consent of her parent, and the courts will not so construe it by implication.

CLARKSON, J., dissenting.

APPEAL by plaintiffs from *Small, J.,* at September Term, 1928, of CAMDEN. Affirmed.

This action was begun in the Superior Court of Camden County on 15 February, 1928.

Plaintiffs pray judgment that the marriage of the plaintiff, Iris C. Land, and the defendant, Alvah Floyd Slack, duly solemnized in accordance with the requirements of C. S., 2493, in Camden County, North Carolina, on 9 December, 1927, be declared null and void. Both said plaintiff and said defendant are citizens of the State of Virginia.

It is alleged in the complaint that at the date of said marriage the said Iris C. Land was a female person under the age of sixteen and over the age of fourteen, and that the license for said marriage was issued by the register of deeds of Camden County without the consent, in writing, of her parents, or either of them, as required by C. S., 2494, as amended by chapter 75, Public Laws 1923.

It is further alleged in the complaint that the issuance of said license was procured by false and fraudulent representations made by defendant to the said register of deeds, with respect to the age of the said Iris C. Land. The representations, alleged to be false and fraudulent, are set out in the complaint, fully and in detail.

Defendant filed a demurrer to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action, in that it appears

on the face of the complaint that at the date of said marriage the plaintiff, Iris C. Land, was more than fourteen years of age. The demurrer was sustained.

From judgment dismissing the action plaintiffs appealed to the Supreme Court.

*W. I. Halstead for plaintiffs.*
*W. H. Starkey and Ehringhaus & Hall for defendant.*

CONNOR, J. The Superior Court of this State is authorized by statute to declare a marriage void, *ab initio,* and, therefore, a nullity from its inception. Either party to a marriage may maintain an action for judgment to this effect, when the marriage was contracted contrary to statutory prohibitions, or where the marriage is expressly declared void by statute, for reasons set out therein. C. S., 1658. An action to annul a marriage for statutory reasons is in the nature of an action for divorce. After such action is begun in the Superior Court, the procedure therein is the same as in an action for divorce. The affidavit setting out the jurisdictional facts required for an action for divorce, C. S., 1661, is not required, however, for an action to annul a marriage upon statutory grounds. *Taylor v. White,* 160 N. C., 38, 75 S. E., 941. The Superior Court has jurisdiction of an action to annul a marriage contracted in this State, notwithstanding the fact that the plaintiff therein is not a resident of this State at the date on which the action was begun. It must, therefore, be held that the Superior Court of Camden County had jurisdiction of this action, although it appears upon the face of the complaint, and exhibits attached thereto, that plaintiff, Iris C. Land, is not a resident of the State of North Carolina, and that the action was begun within less than six months after the marriage had been solemnized.

A marriage void *ab initio* is a nullity from its inception; neither the parties thereto, nor other persons, whose social status or whose property rights are, or may be dependent upon its validity, acquire any rights, social or otherwise, by reason of such marriage. A void marriage imposes no duties or obligations upon either of the parties thereto, with respect to each other, or with respect to others. The courts are, therefore, loath to declare a marriage duly solemnized in accordance with statutory requirements, and therefore valid, at least prima facie, null and void, because the parties thereto, or either of them, were not expressly authorized by statute to marry, at the time the marriage was solemnized, but could have lawfully married at a subsequent date. It has therefore been held by this Court, to avoid the consequences of declaring a marriage void *ab initio,* that even where the statute declares a marriage void, because one of the parties thereto was under the age at which he or she might lawfully marry, the word "void," used in the

statute, will be construed to mean "voidable," thus rendering the marriage valid until it has been declared void by a court of competent jurisdiction in an action directly attacking the validity of the marriage. *Watters v. Watters,* 168 N. C., 411, 84 S. E., 703. It has been held by this Court that a marriage which is not void, *ab initio,* but merely voidable, because one of the parties thereto was at its date under the age at which he or she might lawfully marry, may be ratified by the subsequent conduct of the parties in recognition of the marriage. *S. v. Parker,* 106 N. C., 711, 11 S. E., 517; *Koonce v. Wallace,* 52 N. C., 194. Whether or not an action to annul a marriage, voidable because one of the parties thereto was under the age at which he or she might lawfully marry, can be maintained prior to the date on which such party arrives at such age, does not seem to have been presented to this Court for decision. It has been held, however, that the marriage of a female under the age of fourteen, contracted when the statute provided that a female over fourteen might lawfully marry, was voidable only, and that such marriage was valid, where such female continued to live with her husband after she had arrived at the age of fourteen. The contract upon which the marriage status rested was thereby ratified. A subsequent marriage, during the life of the husband, was held bigamous. *S. v. Parker, supra.* The wife, who was under the age of fourteen at the date of her marriage, but who lived with her husband, after she arrived at such age, until his death, was held to be entitled to letters of administration upon his estate. *Koonce v. Wallace, supra.*

By virtue of the provisions of C. S., 2494, prior to its amendment by chapter 75, Public Laws 1923, an unmarried female over the age of fourteen years, might lawfully marry, in this State. If she was under the age of fourteen, at the date of her marriage, the marriage was not void; it was, at most, voidable. The effect of the amendment to said statute was to raise the age at which an unmarried female may lawfully marry from fourteen to sixteen, but it is expressly provided therein that she may marry, although under sixteen, if over fourteen years of age, provided a special license as therein required is procured. It has, however, been uniformly held by this Court that a marriage, without a license as required by statute, is valid. *Wooley v. Bruton,* 184 N. C., 438, 114 S. E., 628; *Maggett v. Roberts,* 112 N. C., 71, 16 S. E., 919. It must, therefore, be held that notwithstanding the provisions of chapter 75, Public Laws 1923, amending C. S., 2494, the marriage of an unmarried female over fourteen years of age, although solemnized without a valid special license as required by said chapter, is valid. Such marriage cannot be declared voidable, and certainly not void, and therefore a nullity, solely because such female was under the age of sixteen, at the date of the marriage. There is no provision of C. S., 2494, expressly declaring

the marriage of a female under the age of sixteen, void or even voidable. It cannot be held that there is an implied declaration to that effect, C. S., 2495, by which it is declared that a marriage between a female person under fourteen years of age and any male is void, has not been amended. This statute is still in full force and effect. It must be construed in connection with C. S., 2494, as amended.

There was no error in holding that the facts stated in the complaint, and admitted by the demurrer, are not sufficient to constitute a cause of action for the annulment of the marriage of the plaintiff, Iris C. Land, and the defendant, Alvah Floyd Stack, on the ground that the plaintiff, Iris C. Land, at the date of the marriage, was under the age of sixteen years. She was over fourteen years of age. The fact that the license for said marriage was not in compliance with the statute does not affect its validity.

A register of deeds who has issued a license for a marriage, which is for any reason prohibited by statute, cannot maintain an action to have the marriage, which has been duly solemnized on the faith of such license, declared null and void. Nor can a parent maintain such action. At most, the register of deeds might maintain an action to have the license revoked and canceled, prior to the solemnization of the marriage in accordance with statutory requirements.

There was no error in dismissing the action. The judgment is
Affirmed.

CLARKSON, J., dissenting: C. S., 2494, reads as follows: "All unmarried male persons of sixteen years, or upwards, of age, and all unmarried females of fourteen years, or upwards, of age, may lawfully marry, except as hereinafter forbidden."

C. S., 2495: "All marriages between a white person and a Negro or Indian, or between a white person and person of Negro or Indian descent to the third generation, inclusive, or between a Cherokee Indian of Robeson County and a Negro, or between a Cherokee Indian of Robeson County and a person of Negro descent to the third generation, inclusive, or between any two persons nearer of kin than first cousins, or between a male person under sixteen years of age and any female, or between a female person under fourteen years of age and any male, or between persons either of whom has a husband or wife living at the time of such marriage, or between persons either of whom is at the time physically impotent, or is incapable of contracting from want of will or understanding, shall be void: *Provided,* double first cousins may not marry; and *provided further,* that no marriage followed by cohabitation and the birth of issue shall be declared void after the death of either of the parties for any of the causes stated in this section, except for that one

of the parties was a white person and the other a Negro or Indian, or of Negro or Indian descent to the third generation, inclusive, and for bigamy."

C. S., 2496. "When the degree of kinship is estimated with a view to ascertain the right of kinspeople to marry, the half-blood shall be counted as the whole-blood: *Provided,* that nothing herein contained shall be so construed as to invalidate any marriage heretofore contracted in case where by counting the half-blood as the whole-blood the persons contracting such marriage would be nearer of kin than first cousins; but in every such case the kinship shall be ascertained by counting relations of the half-blood as being only half so near kin as those of the same degree of the whole-blood."

C. S., 2497: "Persons, both or one of whom were formerly slaves, who have complied with the provisions of section five, chapter forty, of the acts of the General Assembly, ratified March tenth, one thousand eight hundred and sixty-six, shall be deemed to have been lawfully married."

The above statutes were in force in this State for many years. The General Assembly of North Carolina, chapter 75, Public Laws 1923, changed the existing law and passed the following act:

"An act to prevent the 'marriage of females under sixteen years of age, except by consent of parents or persons standing in relation of a parent and upon special license.

*"The General Assembly of North Carolina do enact:*

"Section 1. That the word 'fourteen' in line two of section two thousand four hundred and ninety-four of the Consolidated Statutes be stricken out and the word 'sixteen' be inserted in lieu thereof; and that at the end of said section there be added the words: *'Provided,* that females over fourteen years of age and under sixteen years of age may marry under a special license to be issued by the register of deeds, which said special license shall only be issued after there shall have been filed with the register of deeds a written consent to such marriage, signed by one of the parents of the female or signed by that person standing in *loco parentis* to such female, and the fact of the filing of such written consent shall be set out in said special license.'"

C. S., 4209, reads as follows: "If any person shall unlawfully carnally know or abuse any female child over twelve and under fourteen years old, who has never before had sexual intercourse with any person, he shall be guilty of a felony and shall be fined and imprisoned in the State's prison, in the discretion of the court."

At the same session of the Legislature this statute, which had been in force for many years, was changed as follows: Chapter 140, Public Laws 1923:

"An act to amend section 4209 of the Consolidated Statutes.

*"The General Assembly of North Carolina do enact:*

SECTION 1. That section four thousand two hundred and nine of the Consolidated Statutes be and the same is hereby amended so as hereafter to read as follows:

" 'If any male person shall carnally know or abuse any female child, over twelve and under sixteen years of age, who has never before had sexual intercourse with any person, he shall be guilty of a felony and shall be fined or imprisoned in the discretion of the court; and any female person who shall carnally know any male child under the age of sixteen years shall be guilty of a misdemeanor and shall be fined or imprisoned in the discretion of the court: *Provided,* that if the offenders shall be married or shall thereafter marry, such marriage shall be a bar to further prosecution.'

"SEC. 2. That all persons charged with a violation of this act under the age of sixteen years shall be subject to the jurisdiction of the juvenile court and such other courts as may hereafter exercise such jurisdiction, and shall be classed as delinquents and not as felons: *Provided,* that where the offenders agree to marry, the consent of the parent shall not be necessary: *Provided further,* that any male person convicted of the violation of this act, who is under eighteen (18) years of age, shall be guilty of a misdemeanor only."

The General Assembly of 1923, to protect the chastity and purity of the young, thoughtless female child from the insinuating arts of the seducer, the age of consent was raised from 14 to 16, and at the same session of the General Assembly the above statute was passed to prevent hasty marriages. It is a matter of common knowledge that the good women had battled before the General Assembly for long years to have the "age of consent" raised from 14 to 16 years.

The caption, or title, of the above act now being considered, is *"An act to prevent the marriage of females under sixteen years of age except by consent of parents,"* etc., and this consent must be in writing.

It is admitted on the record that this consent was never given by the parent—the mother in this case. The license, it is admitted, was procured by false and fraudulent representations on the part of defendant, as follows: "The defendant, Alvah Floyd Slack, on 9 December, 1927, induced the said infant, Iris C. Land, to leave the home of her mother and accompany him, together with one Ruth Sumners, to the office of the said S. B. Seymour, register of deeds at Camden Courthouse, Camden County, where the said defendant and said Ruth Sumners, a woman 23 years of age, applied to the said register of deeds for marriage license, where and when the defendant, with trickery, wilfully, fraudulently and unlawfully procured the said Ruth Sumners to assume the name of the infant, Iris C. Land, and that by such deceptive methods surrep-

titiously, fraudulently, knowingly, intentionally and unlawfully procured the issue of a marriage license to the defendant and the said infant, Iris C. Land, at that time being only fifteen years of age and being very small of size, who was present in some part of the office at the time of the issuance of said license, but took no part in the application for said license, which license was issued without any consent or permission from the parents or those who stood in *loco parentis* to the said Iris C. Land, and that no such consent or permission was written or authorized to be written on the face of the license as provided by law in making such marriage valid, of parties between the ages of fourteen and sixteen. . . . The said Ruth Sumners representing to the said register of deeds, that her name was Iris C. Land, and that she was the party entering into marriage with the defendant, and the defendant and the said Iris C. Land, accompanied by the said Ruth Sumners, took said license to a minister in Camden County, where and when a marriage ceremony was performed."

The mother immediately when the marriage was discovered rescued her female child and brings this action to nullify the marriage. The question is not presented on the record of the female child living with defendant after she becomes 16 years of age and ratifying the transaction, but the mother, who had the right to give or refuse written consent as next of friend, brings this action to nullify the unlawful marriage before she becomes 16 years of age. The written consent of the parent was a condition precedent to a lawful marriage and this was never given.

The intent of the act of 1923 should be the polar star to guide, and construing this act with the prior acts in *pari materia*, I think this action can be maintained. To my mind if this action cannot be maintained, the useful purpose of the act of 1923 is practically destroyed. I think there was error in dismissing the action.