The parties were married June 2d 1927, in the State of New York. Prior and up to the time of the marriage the petitioner resided with her parents in this state; the defendant's then place of residence is not disclosed. At the time of the marriage the defendant was nineteen years of age and the petitioner was fifteen years and six months old but she falsely, to the knowledge of the defendant, misrepresented her age to the official who issued the marriage license or who performed the ceremony. Immediately after the marriage the parties took up their residence in this state and lived together until August 2d 1927, when the defendant deserted the petitioner and since that date they have not lived together or sexually cohabited and the petitioner has not confirmed the marriage. At the time of filing the petition herein, the petitioner was eighteen years and one week old and she was still a resident of this state. The defendant *Page 370 
was served under an order of publication, notice of this suit having been mailed to him at his grandmother's address in Tennessee. No child was born of the marriage.
Our statute in force at the date of the marriage provided:
"Decrees of nullity of marriage may be decreed in all cases * * * at the suit of the wife, when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age." (Comp. Stat. 2021
§ 1 sub. 5.)
The age has since been changed from sixteen to eighteen years (P.L. 1928 ch. 65 § 1), but the petitioner's right to disaffirm the marriage is to be determined by the statute in force at the time of the marriage. Riesen v. Riesen, 105 N.J. Eq. 144.
The New York statute in force at the time of the marriage is section 1 of the laws of 1909, chapter 19, as amended by chapter 313 of the laws of 1922. It provides: "A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto (1) is under the age of legal consent, which is eighteen years, provided that such nonage shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage."
The cause came on for ex parte hearing before a special master, who reported adversely to the petitioner because he found no express statutory power in this state to annul the marriage upon the facts above stated, citing Jimenez v. Jimenez,93 N.J. Eq. 257, and Levy v. Downing, 213 Mass. 334, in support of his finding. Exceptions were filed to the report and the case is before me on the exceptions.
A marriage celebrated according to the laws of the state where the marriage takes place is valid everywhere, with certain exceptions not necessary to consider here. Smith v. Smith,52 N.J. Law 207; Bolmer v. Edsall, 90 N.J. Eq. 299; Jimenez v.Jimenez, supra. This marriage is valid in this state and in New York unless and until it is declared a *Page 371 
nullity, but it is also a voidable marriage under the legislative policy of both states. Had the petitioner been domiciled in New York, her application to annul the marriage could have been made to a competent court of that state, either before or after arriving at the age of eighteen years and the relief she seeks here could have been obtained there, in the discretion of the court. But from the time of her marriage and up to the commencement of this suit, her domicile has been in this state, and being a non-resident of New York, she cannot be heard in the court of that state, because the dissolution or annulment of a marriage is governed by the law of the domicile (Bolmer v.Edsall, supra; Jimenez v. Jimenez, supra); hence, if the petitioner cannot have relief in this court, she is remediless.
There are some differences to be noted between the statutes of the two states. In New York the age of consent was eighteen, when in this state it was sixteen, but both states provide for voiding marriages contracted by a wife under sixteen. Under the New York statute the marriage is void from the time it is so declared, while in our state it is void from the beginning, if nullity is decreed (Steerman v. Snow, 94 N.J. Eq. 9), but this is an immaterial difference in this case because there is no child whose status requires consideration. The New York statute gives its court discretion in granting a nullity decree (a wise proviso), while the only condition expressed in our statute is that the petitioner shall not have confirmed the marriage, but it would seem from the facts here present that a New York court would exercise its discretion in favor of the petitioner. I do not consider that these differences disclose a substantial variance in the policy of the two states toward voiding the marriage of certain minors, and after all the right of the petitioner to the decree she seeks must be determined by the application of our statute to her case and it is fundamental law that each state has the right to determine the marital status of its citizens under its laws.
There is nothing in our statute which discloses a legislative intent that it shall be applicable only to marriages contracted *Page 372 
in this state, and in the absence of such legislative limitation this court has power, in a proper case, to annul a foreign marriage when the petitioner is domiciled here. Avakian v.Avakian, 69 N.J. Eq. 89, 834. The marriage of a girl of the age of fifteen years and six months is declared by statute to be repugnant to our public policy and voidable. This petitioner could not have made her application to this court before arriving at the age of sixteen years because of the condition contained in our statute that she shall not have confirmed the marriage after reaching that age and there is nothing in the statute which requires that she shall commence annulment proceedings immediately upon arriving at the age of sixteen. The petitioner waited two years after reaching that age before filing her petition. Perhaps, under some circumstances, such a delay might be held to indicate confirmation of the marriage, but in this case such inference cannot be drawn. The petitioner is a deserted wife, abandoned by her husband before she was sixteen years old, after he had lived with her two months, and since the time of his desertion she has not seen him and he has not supported her.
Referring to the cases cited by the special master, the decision in Jimenez v. Jimenez, supra, did not turn on facts similar to those present here. In that case the petitioning wife married in New York when under sixteen years of age and lived with her husband in New York for upwards of three months after arriving at that age. She left her husband and came to this state to live. A decree was refused her on the ground that our nullity statute applied to the case and having lived with her husband three months after arriving at the age of sixteen, she thereby confirmed her marriage. It was suggested, too, that her matrimonial domicile was not in this state to entitle her to bring a nullity suit here.
In Levy v. Downing, 213 Mass. 335 (decided in 1913), the parties were minors under the age of eighteen years, residents of Massachusetts, who, to evade the Massachusetts law, went to New Hampshire to be married and then returned to their respective homes in Massachusetts and never lived together. *Page 373 
In a suit by the wife the Massachusetts court held that the validity of the marriage must be determined by the law of New Hampshire, which state had a statute to the effect that any marriage contracted by a person below the age of consent might, in the discretion of the superior court of New Hampshire, be annulled. The Massachusetts court held further that since the marriage was valid in New Hampshire, only the superior court of that state had power to annul it. It does not appear whether Massachusetts had a statute applicable to the subject and the decision is not in accord with those of other states, including our own.
It is my opinion that the exceptions to the master's report should be sustained and that a decree nisi should be entered in favor of the petitioner.