GRAHAM HARTWELL PARKS, BY HIS NEXT FRIEND, G. H. PARKS, v. BERTHA MARIE BOWMAN PARKS, AND ARTHUR W. MEWSHAW, GUARDIAN AD LITEM FOR BERTHA MARIE BOWMAN PARKS.

(Filed 9 October, 1940.)

**1. Marriage § 2a—**

The marriage of a party under the minimum age required by statute is voidable and not void.

**2. Marriage § 2e—Plaintiff held to have ratified marriage and is not entitled to annulment on ground that at time of ceremony he was under age.**

Plaintiff and defendant were residents of North Carolina. The parties were married in the State of Virginia, plaintiff being a boy sixteen years of age and defendant being a girl twenty years of age. Subsequent to the marriage the parties returned to North Carolina and plaintiff and defendant cohabited as man and wife. This action was instituted to annul the marriage on the ground that plaintiff was under the minimum age prescribed by the law of the State of Virginia, Code of Virginia, sec. 5090, as amended. *Held:* Plaintiff being of marriageable age under the provision of our law, Michie's Code, sec. 2494, his act in cohabiting with defendant in this State was a ratification of the voidable marriage and he is not entitled to a decree of annulment.

STACY, C. J., concurring.

WINBORNE, J., joins in concurring opinion.

APPEAL by plaintiff from *Pless, J.,* at February Term, 1940, of SURRY. Affirmed.

The complaint is as follows:

"1. That plaintiff and defendants are residents of Surry County, North Carolina, and were such at the time of the institution of this action.

"2. That plaintiff, Graham Hartwell Parks, is a minor under the age of 17 years, and was under the age of 17 years at the times hereinafter set forth and complained of.

"3. That the defendant, Bertha Marie Bowman Parks, is a minor under the age of 21 years, she being about 20 years of age. That Arthur W. Mewshaw has been appointed guardian *ad litem* for said Bertha Marie Bowman Parks.

"4. That on or about the 20th day of May, 1939, plaintiff and defendant, Graham Hartwell Parks, and Bertha Marie Bowman, by an attempted agreement among themselves, had an undertaken marriage ceremony performed in the County of Carroll, and State of Virginia, thereby having undertaken the celebration of an attempted marriage.

"5. That said attempted marriage contract and ceremony are invalid and of no effect and subject to be declared invalid and of no effect and to be annulled, under the laws of the State of Virginia, on account of the fact that the plaintiff, an attempted contracting party, was, at the time of the attempted marriage contract and ceremony, to wit: on or about the 20th day of May, 1939, under the age of 17 years, and under the laws of the State of Virginia, was incapable of contracting a marriage, and plaintiff is informed and believes that said attempted marriage is voidable and subject to be annulled upon the application of the party aggrieved. That the said Graham Hartwell Parks desires to have the said attempted ceremony annulled, vacated and set aside and the marriage contract declared and adjudged invalid and of no effect.

"Wherefore, plaintiff prays: (1) That judgment be entered in this cause annulling, vacating and declaring invalid and of no effect the attempted marriage contract and the attempted marriage ceremony referred to in the complaint. (2) That plaintiff and defendant be declared absolutely freed from each other. (3) For such other and further relief as plaintiff may be entitled to."

The answer of the guardian *ad litem,* who was duly appointed, was as follows:

"1. That the allegations contained in paragraph 1 of the complaint are admitted. And it is further alleged that the defendant, Bertha Marie Bowman Parks, is a minor and that A. W. Mewshaw has been duly appointed guardian *ad litem.*

"2. That the defendant does not have sufficient information and belief as to the matters alleged in paragraph 2 of the complaint and, therefore, upon information and belief, denies same.

"3. That the allegations contained in paragraph 3 as therein stated are denied. This defendant alleging that on or about the 20th day of May, 1939, that the plaintiff and defendant were duly married in the County of Carroll, State of Virginia, and lived together as man and wife thereafter.

"4. That the defendant does not have sufficient information in regard to the matters and things alleged in paragraph 4 and, therefore, denies same.

"Wherefore, the defendant having fully answered, prays that the action be dismissed and that he recover of the plaintiff his costs and for such other and further relief as defendant may be entitled to."

The amended answer, setting forth a further defense (estoppel), we think is immaterial.

The plaintiff testified, in part: "My name is Graham Hartwell Parks and I am the plaintiff in this action. I live at Pilot Mountain, North Carolina, and have lived there for three or four years. I was born in Stokes County, North Carolina, and lived there from my birth until I moved to Pilot Mountain with my parents. G. H. Parks is my father. I was seventeen years of age on the 20th day of September, 1939. Bertha Marie Bowman and I entered into a marriage in Hillsville, Virginia, on the 20th day of May, 1939. At that time my home was in Pilot Mountain, North Carolina. . . . When we arrived in Hillsville, Virginia, we went before the clerk of the circuit court and I signed a certificate that I was twenty-one years of age, and took an oath before the clerk to that effect, I suppose. Then we went to the minister's home and were married, and then we came back to Mount Airy. . . . We came back to her home that Saturday night after we were married and I remained there with her about an hour and a half, and then I went to my home, leaving my wife at her home. I came back the next night to see her, and stayed with her three or four hours. I remember when Mr. Boles came there and found me and my wife in bed together, and that was on Sunday night following our marriage on Saturday. Q. You and your wife lived there that night as man and wife? You had intercourse with her? Ans.: Yes. Q. You had intercourse with her a number of times? Ans.: A few. Q. Well, then, after Sunday night, when did you come back to see your wife? Ans.: I came back Monday night. Q. How long did you stay there then? Ans.: About two hours, I suppose. Q. Did you have intercourse with your wife at that time? Ans.: Yes, attempted to. . . . The court: At the time you say there was cohabitation between you and your wife on Sunday night and Monday night, where did that take place? Was that in her home in Mount Airy, Surry County, North Carolina? Ans.: Yes, sir; it was."

The following is the pertinent act of the General Assembly of Virginia:

"An Act to Amend and Re-Enact Section 5090 of the Code of Virginia, Relating to Marriage or Persons under the Age of Consent.

"Approved March 24, 1932.

"1. Be it enacted by the General Assembly of Virginia, That section five thousand and ninety of the Code of Virginia, be amended and re-enacted so as to read as follows:

"Section 5090. The age of consent for marriage.—The minimum age at which minors may marry, with consent of the parent or guardian, shall be seventeen for the male and fifteen for the female. Provided, however, that in case of the pregnancy of a female by a male, either of

whom is under the age of consent, the clerk authorized to issue marriage licenses in the county or city wherein the female resides, shall issue proper marriage license with the consent of the parent or guardian of the person or persons under the age of consent only upon representation of a doctor's certificate showing he has examined the female and that she is pregnant, which certificate shall be filed by the clerk, and such marriage consummated under such circumstances shall be valid. Nothing herein contained shall be construed to prevent clerks from issuing a marriage license under circumstances mentioned in section 4414 of the Code of Virginia, or to prevent persons under circumstances mentioned therein from marrying. The above is a true copy of Chapter 300 of the Acts of the General Assembly of Virginia for 1932, and is still in full force and effect. E. Griffith Dodson, Clerk of the House of Delegates and Keeper of the Rolls of the State. Richmond, Virginia, August 31, 1939."

The judgment in the court below was as follows: "This cause coming on to be heard, and being heard, before Honorable J. Will Pless, Jr., Judge presiding, and a jury, at the February Term, 1940, of the Superior Court of Surry County, and at the close of the plaintiff's evidence, the defendant having moved for judgment as of nonsuit, and the court being of the opinion that said motion should be granted: Now, therefore, it is considered, ordered and adjudged by the court that this action be and the same is hereby nonsuited; that the plaintiff take nothing by this action, and that the defendant go without day and recover her costs herein expended. J. Will Pless, Jr., Judge Presiding."

To the signing of the foregoing judgment and to the granting of the motion for judgment as of nonsuit, the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Badgett & Badgett and Folger & Folger for plaintiff.*
*Snow & Snow, E. C. Bivens and R. B. White for defendant.*

CLARKSON, J. At the close of plaintiff's evidence, the defendant in the court below made a motion for judgment as in case of nonsuit. C. S., 567. The court below sustained the motion and in this we can see no error.

The plaintiff, Graham Hartwell Parks, was under 17 years of age and the defendant Bertha Marie Bowman Parks was 20 years of age when they were married in Hillsville, Virginia, on 20 May, 1939. The plaintiff alleged in his complaint that he was under 17 years of age at the time of the attempted marriage contract and "under the laws of the State of Virginia, was incapable of contracting a marriage, and plaintiff is informed and believes that said attempted marriage is voidable and subject to be annulled upon the application of the party aggrieved.

That the said Graham Hartwell Parks desires to have the said attempted ceremony annulled, vacated and set aside and the marriage contract declared and adjudged invalid and of no effect."

The plaintiff and defendant were both residents of North Carolina. N. C. Code (1939), Michie, sec. 2494, in part, is as follows: "All unmarried male persons of sixteen years, or upwards, of age, and all unmarried females of sixteen years, or upwards, of age, may lawfully marry, except as hereinafter forbidden," etc.

Under the law of Virginia plaintiff was under the marriageable age and defendant was of marriageable age. They came back to North Carolina and lived as man and wife. Under the law of North Carolina, the plaintiff, who was a resident of North Carolina, was of marriageable age.

In *Koonce v. Wallace,* 52 N. C., 194, it is held: "Where, at the time of a marriage, the female was under the age of fourteen, and the parties continued to live together as man and wife, after she reached that age, it was held that there is nothing in the statute, Rev. Code, ch. 69 (68), sec. 14 (N. C. Code, 1939 [Michie], sec. 2495), to abrogate the rule of common law, that such living together as man and wife, after the age of consent, amounted to a confirmation of the marriage."

In 18 R. C. L., "Marriage," sec. 69, p. 440, is the following: "While it is true that ordinary contracts entered into in violation of positive law are nullities and unenforceable, the rule has not, at least not by a uniform trend of decisions, been held applicable to marriage contracts, for the sacred nature of the relation, and obvious reasons of sound public policy, forbid that the person who enters into a marriage contract, though prohibited by law, may arbitrarily, and without a decree of dissolution, determine for himself the validity of the contract and reject or perform it at his pleasure. . . . (p. 441) The rule which generally prevails in jurisdictions where the marriage relation is regulated by statute is that a marriage where one of the parties is under the age of statutory consent but who is competent by the common law is not void, but merely voidable, in the absence of any provision expressly declaring that it shall be absolutely void, and it is valid for all civil purposes, until annulled by a judicial decree. . . . (Sec. 79, p. 448) Even where a marriage was at the time it was contracted absolutely void the courts are inclined to hold that it may be ratified and become a lawful and binding marriage as soon as the cause for its invalidity is removed." See *Pridgen v. Pridgen,* 203 N. C., 533 (537), 104 A. L. R., 7.

In *S. v. Kennedy,* 76 N. C., 251, it is held: "A marriage, solemnized in a State whose laws permit such marriage, between a Negro and a white person domiciled in this State and who leave it for the purpose of evading its law and with intent to return, is not valid in this State."

This decision is founded on the fact that the law of this State makes such a marriage void *ab initio,* not merely voidable, as was the instant case.

In *Sawyer v. Slack,* 196 N. C., 697 (700), we find: "It has been held by the court that a marriage which is not void, *ab initio,* but merely voidable, because one of the parties thereto was at its date under the age at which he or she might lawfully marry, may be ratified by the subsequent conduct of the parties in recognition of the marriage. *S. v. Parker,* 106 N. C., 711, 11 S. E., 517; *Koonce v. Wallace,* 52 N. C., 194."

In *Watters v. Watters,* 168 N. C., 411, this Court in passing upon Rev. 2083 (now C. S., 2495), pointed out that the only *void* marriages in North Carolina are (1) interracial marriages (white-Negro, white-Indian), and (2) bigamous marriages; all other marriages are at most only *voidable.* Hence, it follows that the instant marriage, being voidable only, was subject to confirmation and ratification by the husband, and the evidence shows such confirmation and ratification resulting in a valid marriage. The plaintiff alleges that under the law of Virginia the "attempted marriage is voidable." S. 5090, Va. Code of 1936 (Michie); *Payne v. Payne,* 295 Fed., 970, 972. The position here taken is supported in whole or in part by the following authorities: *DeFur v. DeFur,* 156 Tenn., 634, 4 S. W. (2d), 341; *Portwood v. Portwood* (Texas, 937), 109 S. W. (2d), 515; *Jiminez v. Jiminez,* 93 N. J. Eq., 257, 116 A., 788; *Bays v. Bays,* 174 N. Y. S., 212.

Plaintiff, being under 17 years of age, under the law of North Carolina, if he had married the defendant, who was 20 years of age, in North Carolina, the marriage would be valid. The laws of this State allowed him to marry at 16 years. The parties, after marrying in Virginia, came back to this State and cohabited as man and wife. The plaintiff by so doing ratified the voidable marriage which took place in Virginia, and thus became a valid marriage. Under the North Carolina statute plaintiff had the right and was of sufficient age to marry defendant in North Carolina and when he cohabited with defendant it was a ratification of his prior voidable marriage in Virginia. If a child had been born under the facts and circumstances of this case, it would have been a harsh decision to have declared the child illegitimate. From the view we take of this case, the exceptions and assignments of error as to cohabitation in this State cannot be sustained. For the reasons given, the judgment of the court below is

Affirmed.

STACY, C. J., concurring: The substantive rights of the parties are to be determined by the laws of Virginia and North Carolina; those

relating to the remedy, by the law of the forum alone. Under the law of this State the plaintiff is not entitled to the relief sought. C. S., 2494. See *Tieffenbrun v. Flannery,* 198 N. C., 397, 151 S. E., 857.

WINBORNE, J., joins in this opinion.