PERCY E. WILLIAMS, by next friend,

*v.*

LOLA MARIA BROKAW.

[Decided July 16th, 1908.]

1. A statute will not be given a retroactive effect, when the words in it can be construed as designed to make it prospective only; and before a statute will be given a retroactive effect there must be found in it such clear expression of legislative design as will preclude any other reasonable interpretation of the words used.

2. *P. L. 1907 p. 474,* authorizing the annulment of a marriage at the suit of the husband "when he was under the age of eighteen at the time of the marriage," &c., is not retroactive, and does not authorize the annulment of a marriage entered into prior to its enactment.

On demurrer to petition.

*Mr. Ralph E. Lum,* for the demurrant.

*Mr. Malcolm MacLear,* for the petitioner.

STEVENS, V. C.

The petition alleges that petitioner was married to defendant on June 14th, 1904; that the petitioner was then sixteen years and nine months old and the defendant fifteen years old. He prays for the annulment of the marriage under the following provisions of the Divorce act of May 17th, 1907. *P. L. 1907 p. 474:*

"Decrees of nullity of marriage may be rendered in all cases * * * VI. at the suit of the husband when he was under the age of eighteen at the time of the marriage, unless such marriage be confirmed by him after arriving at such age."

The defence is that this act is not retrospective; that it does not affect marriages entered into before the time of its enactment. I think it is plain that it does not.

At the time the marriage in question was contracted it was perfectly lawful. The union created by it was indissoluble, unless one of the spouses should commit certain specified offences or crimes that would give to the other the right to terminate it. It is now sought to annul it without fault on the part of the defendant and against her consent, at the mere will or caprice of the petitioner. The court is slow to give to a statute a retrospective effect unless its language plainly demands it. I can find nothing in the act under consideration that is not entirely consistent with the idea that the statute is prospective only. The words "when he *was* under the age," &c., plainly refer to past time anterior to the bringing of the suit, not to past time anterior to the passage of the act.

The language of the court of errors and appeals in *Citizens Gas Light Co.* v. *Alden, 44 N. J. Law (15 Vr.) 648, 653*, is applicable to this statute. "Laws generally are enacted for the regulation of future affairs and conduct and to establish the basis on which rights may thereafter under them be rested and are not usually designed to alter or affect the quality or legal relation of past acts and concluded transactions, much less to disturb rights which have arisen under laws concurrently with their birth. Hence, we do not look for or expect in any enactment that it shall be operative as of time prior to its own existence, and before we are permitted to ascribe to it such a purpose, there must be found in the law such clear and indubitable expression of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the courts is that retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only. All legislation is framed, or presumed so to be, in view of this conspicuous canon of construction governing the court when the duty of interpretation is reposed. And when the legislature intend to give to laws of their enactment, operation upon the past, they will and must do it with such choice of words as places it beyond the realm of doubt."

If, hereafter, any person shall be so ill advised as to enter into a marriage with an infant under the prescribed age, he or she will do it with the knowledge that the relationship can be terminated at the mere will of the infant. I am quite unable, in the light of the above canon of construction, to find anything in the act which would countenance the idea that it was the intention of the legislature to allow persons to affirm or annul at their pleasure unions entered into before the act was passed and at a time when, by law, they were understood to be indestructible. The demurrer should be allowed.