WILLIAM C. WALKER, DEFENDANT IN ERROR, v. NORTH
JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN
ERROR.

Argued March 15, 1910—Decided March 16, 1910.

On error to the Supreme Court, whose decision was based
upon the grounds set forth in the following memorandum:

This was an action for personal injuries. The case made
by the plaintiff was as follows: He was driving on Bloom-
field avenue, a public road in the county of Essex leading
from Newark to Bloomfield, on an evening in October, 1906,
on the right-hand side of the road. Ahead of him was a
slowly moving truck, and, for the purpose of passing it, he
pulled his wagon to the left. The defendant company operates
a double-track street railway through this avenue, and the
plaintiff, when he turned to the left, came upon the westbound
track. He drove along it until after he had passed the truck,
and then turned off again. Before he cleared the track his
wagon was struck by a trolley car which came up from behind.
The plaintiff had not noticed this car when he drove on the
track, although he probably would have seen it if he had looked
for it; he made no observation, however, for the purpose of
seeing whether or not a car was approaching. On these facts
the defendant moved a nonsuit. The motion was refused,
and this refusal is now assigned for error.

Obviously the failure of the plaintiff to look for an ap-
proaching car before driving on the track did not place him
in any worse position, so far as responsibility for the accident
is concerned, than if he had looked and perceived the car. A
person who turns his wagon upon a trolley track in front
of a car traveling in the same direction in which he is pro-
ceeding is not necessarily negligent in doing so. If, when he
turns on the track, the car is so near at hand as to make a
collision likely, he is negligent. If the car is so far away at
the time he turns on the track that there is no likelihood of

a collision resulting from his action, then he is not negligent. In the present case the plaintiff, after he reached the track, drove along it a sufficient distance to pass by a moving truck, and to turn off in front of it, before he was collided with by the trolley car. He must have been upon the track some little time, therefore, before the accident occurred, and the trolley car, if it was running at a rapid rate of speed, must have been a considerable distance behind him when he turned upon the track. In such a situation the question of the negligence of the plaintiff in driving upon the track was clearly for the jury. If the car was not proceeding rapidly, and was close at hand at the time the plaintiff turned on the track, then the question whether the plaintiff was negligent in turning on the track in front of a slowly-moving car was also, we think, for the jury. In other words, on the case submitted, it cannot be said, as a matter of law, that the act of the plaintiff in driving on the track in front of this car, even if he had previously observed its approach, was negligent.

The judgment under review will be affirmed.

For the plaintiff in error, *Leonard J. Tynan.*

For the defendant in error, *Harry V. Osborne.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the above memorandum.

*For affirmance*—THE CHANCELLOR, GARRISON, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 12.

*For reversal*—None.