This matter is before me on exceptions to special master's report, rule 113. The parties in interest were married February 2d 1927, at which time the petitioner, Thelma Riesen, was under the age of sixteen years. She filed her petition herein November 1st, 1928, at which time she was of the age of seventeen years and six months. The master reported that the marriage was never sexually consummated, and that it was not confirmed by the petitioner after she attained the *Page 145 
age of sixteen years. When the marriage was entered into the law provided for a decree of nullity of marriage, at the suit of the wife — "when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age." P.L. 1907 p. 474 § 1 subdiv. 5. The master reported adverse to the petitioner and recommended that her petition be dismissed on the ground that she had instituted her suit before she had reached the age of eighteen years. He based his determination upon P.L. 1928 p. 139 § 1 subdiv. 5, amending P.L. 1907 p. 474, supra, whereby the age was changed to eighteen instead of sixteen years, and also upon the case of Palmer v. Palmer, 80 Atl. Rep. 486. Said case, in my judgment, is inapplicable to the case sub judice. The petitioner's legal right to disaffirm her marriage, and to institute a suit for the annulment of the marriage, vested in her when she attained the age of sixteen years. The fact that she did not exercise her right to institute her suit until six months after she was authorized to do so is inconsequential. That an amendatory act takes effect only from the time of its passage and approval (where the act provides it shall take effect immediately), and has no application to prior transactions, unless an intent to the contrary is expressed in the act or is clearly to be implied from its provisions, is demonstrated by the decision of our present chancellor (then vice-chancellor) In reSt. Michael's Church, 76 N.J. Eq. 524. In Public ServiceElectric Co. v. Board of Public Utility Commissioners,88 N.J. Law 603, 607, it is said: "It has been decided over and over again that statutes are to be given prospective and not retroactive effect, unless their language makes them retroactive and admits of no other construction." The remedy which existed for the annulment of the petitioner's marriage when the marriage contract was made was not affected by the amendatory act aforesaid. Baldwin v. City of Newark, 38 N.J. Law 158;Williams v. Brokaw, 74 N.J. Eq. 561. As stated by Vice-Chancellor Stevens in Williams v. Brokaw, supra, the language of the court of errors and appeals in Citizens GasLight Co. v. Alden, 44 N.J. Law 648, 653, is *Page 146 
applicable to the amendatory act aforesaid: "Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis on which rights may thereafter under them be rested, and are not usually designed to alter or affect the quality or legal relations of past acts and concluded transactions, much less to disturb rights which have arisen under laws running concurrently with their birth. Hence, we do not look for or expect in any enactment that it shall be operative as of time prior to its own existence; and before we are permitted to ascribe to it such purpose, there must be found in the law such clear and indubitable expression of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the courts is, that retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only. Williamson v. New Jerseyand Southern Railroad Co., 2 Stew. Eq. 311. All legislation is framed, or presumed so to be, in view of this conspicuous canon of construction governing in courts where the duty of interpretation is reposed. And when the legislature intend to give to law of their enactment operation upon the past, they will and must do it with such choice of words as places it beyond the realm of doubt." The effect of a decree of nullity, when pronounced, is to render the marriage null and void from the beginning. Steerman v. Snow, 94 N.J. Eq. 9.
The exceptions to the master's report, in so far as said report recommends a dismissal of the petitioner's petition, should be sustained. A decree nisi should be entered in favor of the petitioner. I will advise a decree accordingly. *Page 147