GLADYS L. PALMORE, a Minor Child, by her Next Friend, Ida E. Freeman, Plaintiff, v. JAMES C. PALMORE, Defendant.

(*June* 18, 1951.)

HERRMANN, J., sitting.

*Thomas Herlihy, Jr.,* for Plaintiff.

Superior Court for New Castle County, No. 72, C. A. 1951.

HERRMANN, J.:

The question for decision is this: May a wife obtain a divorce on the ground of her nonage at the time of marriage where her petition for divorce is filed before she has attained the age of consent?

The petition alleges and the proof shows that the plaintiff was born on May 19, 1936; that the plaintiff and the defendant were married on September 9, 1950; and that Ida E. Freeman, the mother of the plaintiff, who now brings this action as plaintiff's next friend, gave the consent required for the issuance of the marriage license. The petition for divorce was filed on January 22, 1951. Thus, the plaintiff was fourteen years and four months old at the time of the marriage, and fourteen years and eight months of age at the time the petition for divorce was filed on her behalf.

The plaintiff's petition is founded upon Paragraph 3499 (g), *Revised Code of Delaware* 1935, which provides that a di-

vorce may be granted, "At the suit of the wife when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age."

The plaintiff contends that a proper construction of this statutory provision would permit a wife, married before attaining the age of sixteen years, to bring a suit for divorce before she arrives at that age. From a purely sociological viewpoint, there is much to commend the interpretation urged by the plaintiff. As a matter of statutory construction, however, I am of the opinion that this statute contemplates that a minor shall have the opportunity to preserve the marital status by confirmation after reaching the age of consent. The Legislature has fixed the age of sixteen years as that age at which a minor wife attains the capacity to confirm the marriage contract. I find it illogical to say that a minor wife has the capacity to disaffirm the marriage contract before she has reached that age at which, by law, she is first deemed capable of confirming it. This conclusion is supported by the history of the statute and by the interpretation accorded by the Courts of New Jersey to an identical statute of that State.

Nonage is generally recognized in the United States as a ground for annulment rather than a cause for divorce. *Keezer, Marriage and Divorce*, 3rd Ed., § 145 *et. seq.* In 1907, when the Uniform Annulment of Marriage and Divorce Act was adopted in this State, nonage was made a ground for annulment. 24 *Laws of Delaware*, Chapter 221. In 1909, however, the Uniform Act was amended and, in this State, nonage became a cause for divorce rather than a ground for annulment. 25 *Laws of Delaware*, Chapter 213. The pertinent provision of the Uniform Act, as thus amended, now appears as Code Paragraph 3499(g).

In 1907, the Uniform Annulment of Marriage and Divorce Act was also adopted in New Jersey, one of the two other States to adopt this Uniform Act. Nonage remains a ground for annulment in that State. *P. L.* 1907, pp. 474, 475, *N. J. S. A.* 2:50-1

*et seq.* In the case of *Palmer v. Palmer*, *N. J. Eq.* 1911, 80 *A.* 486, an annulment case, the Court of Chancery of New Jersey had the occasion to interpret the meaning of statutory language identical to that appearing in Code Paragraph 3499(g). That Court was called upon to decide the same question which is raised in the instant case. The Court there concluded that the correct interpretation of the statute did not permit a dissent from an infantile marriage until the dissenting party had reached the age of consent. More recently, the New Jersey Courts have reaffirmed that construction of the pertinent statutory provision. See *Riesen v. Riesen*, (1929) 105 *N. J. Eq.* 144, 147 *A.* 225; *Scularekes v. Gullett*, (1930) 106 *N. J. Eq.* 369, 150 *A.* 826.

Considering the common roots of our statutory provision and that of New Jersey, the decisions of the Courts of New Jersey are wholly apposite, notwithstanding that actions for annulment, rather than actions for divorce, were there involved.

I conclude that the plaintiff in the instant case may not bring an action for divorce until after she has become sixteen years of age.

A decree nisi will be denied.