CLARKSON, J., dissenting.
This action was begun in the Superior Court of Camden County on 15 February, 1928.
Plaintiffs pray judgment that the marriage of the plaintiff, Iris C. Land, and the defendant, Alvah Floyd Slack, duly solemnized in accordance with the requirements of C. S., 2493, in Camden County, North Carolina, on 9 December, 1927, be declared null and void. Both said plaintiff and said defendant are citizens of the State of Virginia.
It is alleged in the complaint that at the date of said marriage the said Iris C. Land was a female person under the age of sixteen and over the age of fourteen, and that the license for said marriage was issued by the register of deeds of Camden County without the consent, in writing, of her parents, or either of them, as required by C. S., 2494, as amended by chapter 75, Public Laws 1923.
It is further alleged in the complaint that the issuance of said license was procured by false and fraudulent representations made by defendant to the said register of deeds, with respect to the age of the said Iris C. Land. The representations, alleged to be false and fraudulent, are set out in the complaint, fully and in detail.
Defendant filed a demurrer to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action, in that it appears *Page 699 
on the face of the complaint that at the date of said marriage the plaintiff, Iris C. Land, was more than fourteen years of age. The demurrer was sustained.
From judgment dismissing the action plaintiffs appealed to the Supreme Court.
The Superior Court of this State is authorized by statute to declare a marriage void, ab initio, and, therefore, a nullity from its inception. Either party to a marriage may maintain an action for judgment to this effect, when the marriage was contracted contrary to statutory prohibitions, or where the marriage is expressly declared void by statute, for reasons set out therein. C. S., 1658. An action to annul a marriage for statutory reasons is in the nature of an action for divorce. After such action is begun in the Superior Court, the procedure therein is the same as in an action for divorce. The affidavit setting out the jurisdictional facts required for an action for divorce, C. S., 1661, is not required, however, for an action to annul a marriage upon statutory grounds. Taylorv. White, 160 N.C. 38, 75 S.E. 941. The Superior Court has jurisdiction of an action to annul a marriage contracted in this State, notwithstanding the fact that the plaintiff therein is not a resident of this State at the date on which the action was begun. It must, therefore, be held that the Superior Court of Camden County had jurisdiction of this action, although it appears upon the face of the complaint, and exhibits attached thereto, that plaintiff, Iris C. Land, is not a resident of the State of North Carolina, and that the action was begun within less than six months after the marriage had been solemnized.
A marriage void ab initio is a nullity from its inception; neither the parties thereto, nor other persons, whose social status or whose property rights are, or may be dependent upon its validity, acquire any rights, social or otherwise, by reason of such marriage. A void marriage imposes no duties or obligations upon either of the parties thereto, with respect to each other, or with respect to others. The courts are, therefore, loath to declare a marriage duly solemnized in accordance with statutory requirements, and therefore valid, at least prima facie, null and void, because the parties thereto, or either of them, were not expressly authorized by statute to marry, at the time the marriage was solemnized, but could have lawfully married at a subsequent date. It has therefore been held by this Court, to avoid the consequences of declaring a marriage voidab initio, that even where the statute declares a marriage void, because one of the parties thereto was under the age at which he or she might lawfully marry, the word "void," used in the *Page 700 
statute, will be construed to mean "voidable," thus rendering the marriage valid until it has been declared void by a court of competent jurisdiction in an action directly attacking the validity of the marriage. Watters v.Watters, 168 N.C. 411, 84 S.E. 703. It has been held by this Court that a marriage which is not void, ab initio, but merely voidable, because one of the parties thereto was at its date under the age at which he or she might lawfully marry, may be ratified by the subsequent conduct of the parties in recognition of the marriage. S. v. Parker, 106 N.C. 711,11 S.E. 517; Koonce v. Wallace, 52 N.C. 194. Whether or not an action to annul a marriage, voidable because one of the parties thereto was under the age at which he or she might lawfully marry, can be maintained prior to the date on which such party arrives at such age, does not seem to have been presented to this Court for decision. It has been held, however, that the marriage of a female under the age of fourteen, contracted when the statute provided that a female over fourteen might lawfully marry, was voidable only, and that such marriage was valid, where such female continued to live with her husband after she had arrived at the age of fourteen. The contract upon which the marriage status rested was thereby ratified. A subsequent marriage, during the life of the husband, was held bigamous. S. v. Parker,supra. The wife, who was under the age of fourteen at the date of her marriage, but who lived with her husband, after she arrived at such age, until his death, was held to be entitled to letters of administration upon his estate. Koonce v. Wallace, supra.
By virtue of the provisions of C. S., 2494, prior to its amendment by chapter 75, Public Laws 1923, an unmarried female over the age of fourteen years, might lawfully marry, in this State. If she was under the age of fourteen, at the date of her marriage, the marriage was not void; it was, at most, voidable. The effect of the amendment to said statute was to raise the age at which an unmarried female may lawfully marry from fourteen to sixteen, but it is expressly provided therein that she may marry, although under sixteen, if over fourteen years of age, provided a special license as therein required is procured. It has, however, been uniformly held by this Court that a marriage, without a license as required by statute, is valid.Wooley v. Bruton, 184 N.C. 438, 114 S.E. 628; Maggett v. Roberts,112 N.C. 71, 16 S.E. 919. It must, therefore, be held that notwithstanding the provisions of chapter 75, Public Laws 1923, amending C. S., 2494, the marriage of an unmarried female over fourteen years of age, although solemnized without a valid special license as required by said chapter, is valid. Such marriage cannot be declared voidable, and certainly not void, and therefore a nullity, solely because such female was under the age of sixteen, at the date of the marriage. There is no provision of C. S., 2494, expressly declaring *Page 701 
the marriage of a female under the age of sixteen, void or even voidable. It cannot be held that there is an implied declaration to that effect, C. S., 2495, by which it is declared that a marriage between a female person under fourteen years of age and any male is void, has not been amended. This statute is still in full force and effect. It must be construed in connection with C. S., 2494, as amended.
There was no error in holding that the facts stated in the complaint, and admitted by the demurrer, are not sufficient to constitute a cause of action for the annulment of the marriage of the plaintiff, Iris C. Land, and the defendant, Alvah Floyd Stack, on the ground that the plaintiff, Iris C. Land, at the date of the marriage, was under the age of sixteen years. She was over fourteen years of age. The fact that the license for said marriage was not in compliance with the statute does not affect its validity.
A register of deeds who has issued a license for a marriage, which is for any reason prohibited by statute, cannot maintain an action to have the marriage, which has been duly solemnized on the faith of such license, declared null and void. Nor can a parent maintain such action. At most, the register of deeds might maintain an action to have the license revoked and canceled, prior to the solemnization of the marriage in accordance with statutory requirements.
There was no error in dismissing the action. The judgment is
Affirmed.