MABLE EBBERT, *Next Friend, etc. v.* HARLEY WESTFALL *et al.*

(No. 9203)

Submitted September 9, 1941.  Decided November 25, 1941.

*William S. Ryan,* for appellant.
*Grover F. Hedges,* for appellees.

ROSE, JUDGE:

This appeal was awarded Harley Westfall in his own right and as guardian of his five infant children to a final decree of the Circuit Court of Roane County in a chancery suit brought by Mable Ebbert, as next friend and for the purposes of the suit, guardian of the said infants, against the appellant in his dual capacity, and J. G. West-

fall, the surety on his bond, by which decree the appellant was removed as such guardian, and the temporary injunction, awarded at the beginning of the suit, was made permanent.

The bill charged the guardian with habitual drunkenness, abuse of his wards, waste on their lands, and dissipation of their moneys, and the bringing of unchaste women into his home, and prayed for his removal as guardian of the children and the appointment of a new guardian in his stead. On the day the suit was instituted, the court awarded a temporary injunction as prayed for in the bill inhibiting the guardian from a repetition of any of the acts charged against him therein.

Before any appearance by the defendants, or either of them, depositions were taken on behalf of the plaintiff, after due notice, at the taking of which the defendants, Harley Westfall, and Harley Westfall, guardian, appeared in person and by counsel. The said defendants then took depositions on their own behalf. At the September term of the circuit court, the defendants, Harley Westfall and Harley Westfall, guardian, filed their joint and separate demurrer and their joint and separate answer to the bill of complaint, and the cause was submitted for final determination upon the bill, demurrer, answer and the depositions taken on behalf of plaintiff and said defendants. A final decree was made by the court, overruling the demurrer and granting the plaintiff substantially the relief prayed for. Upon this record, the appeal was granted.

In the view taken by the court of this case, we cannot go further than to consider the demurrer filed to the bill herein. Nine grounds are assigned. We shall consider one assignment only, namely, that "none of said infant children are made parties to said suit." The summons requires the defendants to answer a bill in chancery "exhibited against them in our said Court by Mabel Ebbert, next friend and guardian for the purposes of this suit of J. J. Westfall, Dorothy Westfall, Emma Westfall, Peggy June Westfall and Mary Lou Westfall, all infants under the ages of 21 years." The bill of complaint is captioned:

"The bill of complaint of Mable Ebbert, next friend and guardian for the purposes of this suit of J. J. Westfall, Dorothy Westfall, Emma Westfall, Peggy June Westfall and Mary Lou Westfall, all infants under the ages of 21 years, vs. Harley Westfall, Harley Westfall, Guardian of J. J. Westfall, Dorothy Westfall, Emma Westfall, Peggy June Westfall and Mary Lou Westfall, infants under the ages of 21 years, and J. G. Westfall." The bill begins as follows: "The said Mable Ebbert appears as next friend to J. J. Westfall, Dorothy Westfall, Emma Westfall, Peggy June Westfall and Mary Lou Westfall, infants under the ages of 21 years, and upon information and belief says." The bill repeatedly speaks of the infants, not as plaintiffs, but as "said children." It is signed "Mabel Ebbert, next friend and guardian for the purpose of this suit of J. J. Westfall, Dorothy Westfall, Emma Westfall, Peggy June Westfall and Mary Lou Westfall, all infants under the ages of 21 years. By Counsel." The affidavit verifying the bill reads: "Mable Ebbert, the plaintiff named in the above bill of complaint," etc. These quotations are set out at length for the reason that they indisputably show that the suit is by the next friend, and not by the infants. Can such a bill be maintained?

At common law, an infant could not maintain an action or suit simply in his own name for any purpose. His remedy was to act in his own name by a guardian or next friend. This ancient law has been declared in our statute: "Any minor entitled to sue may do so by his next friend or guardian." Code, 56-4-9. This has been the statutory rule since the Virginia Code of 1849. Procedure under this statute has long been settled in this state and Virginia. In the case of *Lemon, Guardian* v. *Hansbarger,* 6 Gratt. 301, the court of Virginia said: "An infant may by his next friend, call the acting guardian, or any preceding guardian, to an account by a bill in chancery: But the bill must be in his own name by his next friend." In *Sillings et al v. Bumgardner, Guardian,* 9 Gratt. 273, it was held that "A guardian is not authorized to file a bill in his own name to obtain possession of his ward's estate, but must file it in the name of the ward by his next friend." And

this Court, in *Burdett, Guardian* v. *Cain, Admr.,* 8 W. Va. 282, pronounced the rule as follows: "A guardian is not authorized to file a bill in equity in his own name as guardian to recover the distributive share or interest of his wards in the personal estate of their ancestor. In such case the bill should be dismissed. The suit should be brought in the name of the infants by their next friend who may be guardian."

The case of *Blankenship* v. *Kanawha & M. Ry. Co.,* 43 W. Va. 135, 27 S. E. 355, may seem at variance with this rule. In that case, a summons before a justice of the peace was in the name of "John W. Blankenship, guardian *ad litem* of Wilburn Blankenship." A motion to quash was overruled, and a general appearance entered by the defendant. This Court held the summons sufficient in view of the general appearance by the defendant, and the statutory provision relating to proceedings before a justice of the peace providing that "No summons shall be quashed or set aside for any defect therein if it be sufficient on its face to show what is intended thereby." It will, however, be noted that in the opinion, Judge Mc-Whorter expressly states that he would not make this rule applicable to a court of record.

We are further cited to the case of *Hyatt* v. *Hyatt,* 100 W. Va. 193, 130 S. E. 107. An erroneous impression might readily be drawn from the report of this case. It is captioned "Suit by O. L. Haley, as next friend of Orbra Hyatt and others, against R. G. Hyatt, guardian, and others," and the opinion begins thus: "This is a suit in chancery instituted by O. L. Haley as next friend of his four infant step-sons, Orbra, Earle G., William R. and Harold L. Hyatt, against R. G. Hyatt, guardian of said infants, and the surety on his guardianship bond * * *." The opinion further states that "Orbra Hyatt, the oldest of the guardian's infant wards, a lad of 16 years of age, filed his 'answer' in open court, stating that this suit was instituted without his knowledge or consent; * * *. It was averred that O. L. Haley, the step-father of said infants, had been very unfriendly to them, and that he was not a fit and proper person to act as their next friend." And

in the opinion, the sufficiency of this "answer" is considered, the language being: "The first point of error relied upon by defendants is that the lower court should not have permitted this suit to be prosecuted in the name of O. L. Haley as next friend of the infant plaintiffs." This defense the opinion disallows, but the point is not carried into the syllabus. It is thus seen that a casual reading of this opinion might well lead to the conclusion that this Court has approved a suit brought by a next friend in his own name on behalf of an infant for the purpose of calling the infant's guardian to account. But it will be observed that the case is styled "Orbra Hyatt et als., By Next Friend v. R. G. Hyatt, Guardian, et als.", and that the single point in the syllabus begins with the following language: "A case in which the infant wards of a guardian institute suit against him charging that * * *." With this ambiguity in the report of the case, we have had recourse to the record itself, where it is found that the summons was in the name of "Orbra Hyatt, Earle G. Hyatt, William R. Hyatt and Harold L. Hyatt, infants, by O. L. Haley, next friend," and that the bill of complaint is captioned "Orbra Hyatt, Earle G. Hyatt, William R. Hyatt and Harold L. Hyatt, infants within the age of twenty-one years, by O. L. Haley, their next friend, against R. G. Hyatt, guardian," etc., and is signed in the same manner. Hence, notwithstanding certain expressions found in the report of the case, the suit was actually brought in the name of the infants, suing by their next friend.

The rule long established and continuously adhered to in the Virginias, as above announced, is general. "An action by an infant must be prosecuted by guardian or *prochein ami,* but always in the name of the infant; * * *." Tyler on Infancy and Coverture, page 192. See also, 27 Am. Jur., Infants, sec. 118, p. 838; 31 C. J., p. 1117; *Morgan* v. *Potter,* 157 U. S. 195, 15 S. Ct. Rep. 590, 39 L. Ed. 670.

But it is argued that the defect in the bill is "a mere technicality," and that the bill should be saved under Code, 56-4-37, which reads: "On a demurrer (unless it be to a plea in abatement), the court shall not regard any de-

fect or imperfection in the declaration or other pleading, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judgment, according to law and the very right of the cause, cannot be given." This curative provision of our Code can be traced back to that of Virginia of 1849, chapter 171, section 31, where it appears in precisely the same words, in which form it has been carried in the Codes of the Virginias to this day. It was, therefore, in effect when the cases from these states above discussed were decided, and was not sufficient to save the bills there involved. Nor can the defect in the bill be considered a mere "technicality." By universal practice and mere common sense, a suit must be in the name of the person whose interests are involved, in this case, the infants. A next friend has no possible interest in the litigation. His sole place in the proceeding is to lend his own legal capacity to the infant defendants, and to assume responsibility for costs and the conduct of the suit. He acts much as an attorney at law, or an agent, but is in no sense a substitute for the actual parties in interest. In the case of *Crook* v. *Ferguson*, 123 W. Va. 490, 16 S. E. (2d) 620, decided at this term this Court held that an action at law could not be maintained in the name of an agent. The reasoning of that case is equally applicable here.

It is further suggested that all the parties in interest were before the court, and that the full merits of the suit were developed. With this contention we cannot agree. It is true that three of the infants testified as witnesses, but this did not make them parties to the suit, nor would the institution of the suit by one who presumed to call himself their next friend bring them in. Of course, overwhelming strength of the case made out by plaintiff's evidence cannot confer jurisdiction on the court nor cure fundamental lack of parties. The fact that a stranger has presented to the court a meritorious case in which the infants are interested will not enable the court to adjudicate those rights as to the parties actually in interest, but not before the court.

We find nothing in the case at bar to justify our departure from the ancient and unvaried rules established by statute and the decisions of this and the Virginia Court of Appeals. The demurrer, therefore, should have been sustained, and since the bill is not susceptible of amendment, an order will be entered here dismissing it with costs to the appellant.

*Reversed and dismissed.*