ANTONIO FERNÁNDEZ MORALES, Plaintiff and Appellee, *v.* LYDIA E. GARCÍA SANTIAGO ET AL., Defendants, and Appellant the first one.

No. 11049. Argued October 1, 1953.—Decided November 20, 1953.

---

[5] The trial court reached the conclusion that the appellee did not act with obstinacy in defending herself.

444

*Sigfredo Vélez González* and *J. Córdova Rivera* for appellant.
*Antonio Reyes Delgado* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Antonio Fernández Morales filed a complaint against his wife, Lydia E. García Santiago, and her parents, for annulment of marriage in the former Arecibo Section of the District Court of Puerto Rico. The complaint is based on two contentions, to wit: (a) alleged coercion or intimidation by the Justice of the Peace of Barceloneta in saying to the plaintiff at Police Headquarters that if he did not marry, he would be prosecuted for seduction, and that if he married, the Justice of the Peace would later help him obtain a divorce or annulment of the marriage; (b) that his wife was under 16 years of age at the time of the marriage.

The case was heard on the merits in the Court of Arecibo, which finally rendered judgment sustaining the complaint. The court *a quo* held, as respects the first contention listed above, that even though full credence is placed on the evidence offered by plaintiff, the plea of intimidation had not been established sufficiently to render invalid plaintiff's consent to contract marriage, under the provisions of § 73 of our Civil Code. Regardings the second contention, the trial court held, after weighing the evidence, that the wife was actually under 16 years of age when she married and that, since the

marriage had not been validated, it was void under the provisions of subdivision 3, § 70 of the Civil Code. It is an uncontroverted fact that the wife, Lydia E. García, conceived a child one month before the marriage and that it was born 180 days after the performance of the marriage.

Defendants appealed to this Court assigning several errors. It is unnecessary to discuss those errors, since it appears from the record that the complaint does not state facts sufficient to constitute an action, nor was there evidence to excuse or cure that insufficiency.

█ Regarding the first question on intimidation of plaintiff, it is alleged in the complaint as follows:

"Plaintiff contends that on the 21st instant he was arrested and brought before the Justice of the Peace of Barceloneta, who informed him that Lydia E. García Santiago had complained that plaintiff had seduced and/or raped her and taken her to a house of prostitution, wherefore he was charged with two or three crimes committed on the said minor, and that in order to escape those charges his only alternative was to marry her; that in view of such situation and moral intimidation, and since he did not have an attorney at hand to advice him, nor any experience in matters of this nature, and in order to avoid a scandal and with the promise that the said Lydia E. García Santiago would immediately ask for a divorce, plaintiff took the advice of the Justice of the Peace of Barceloneta without ever having had sexual intercourse with her, or caused her any harm, or taken her to a house of prostitution, or having ever promised to marry her, and without her having the legal age to contract marriage, he agreed on the sole advice of the Justice of the Peace of Barceloneta to marry defendant Lydia E. García Santiago, who is now and was when she married plaintiff under 16 years of age.

"That plaintiff contracted marriage because he was coerced and in order to avoid being sent to jail and the scandal in his neighborhood."

In deciding the case, the Court of Arecibo held that even if the evidence had supported that allegation, it was not suf-

ficient at law to annul the marriage. Section 73 of our Civil Code provides as follows:

"Section 73.—Consent is not valid:
"1. When given to an abductor by the abducted before the latter has recovered her liberty.
"2. When obtained by violence or intimidation."

In *López* v. *Valdespino*, 6 P.R.R. 171, second ed., it is held that the fact that a party is compelled to contract marriage to avoid certain criminal responsibilities which may be exacted of him in case he does not do so, does not constitute the coercion or compulsion prescribed by the Civil Code of 1889 as a cause for annulment of the marriage. We agree and affirm that ruling. The threats alleged in this case are not sufficient to constitute the "intimidation" required in § 73.

 Regarding the second allegation of the complaint, namely, that the wife was under 16 years of age at the time of the marriage, the husband has no power to file action seeking annulment of the marriage on such ground. It is the legal representatives of the wife in this case, who have the right on behalf of the minors to file action for annulment based on such ground. Subdivision 3 of § 70 of the Civil Code provides as follows:

"The following persons are incapacitated to contract marriage:
"3. A person of the male sex under eighteen years of age, and a person of the female sex under sixteen years of age. Marriage contracted by persons under the said age of puberty shall, nevertheless, be valid *ipso facto* and without an express declaration, if one day after having arrived at the legal age of puberty the parties shall have lived together *without the representatives of either of them having brought suit against its validity,* or if the woman shall have conceived before the legal age of puberty or before having established such suit." (Italics ours.)

It appears from the preceding Section that the persons called upon to file such complaint are those who legally re-

present the minor. In the first place, it should be pointed out that the first subdivision of § 83 of the Spanish Civil Code, which is the directory basis of subdivision 3 of our § 70, provides as follows:

"The following cannot contract marriage:

"1. Males under the age of fourteen and females under the age of twelve.

"Marriage contracted by persons who have not arrived at the age of puberty, shall, nevertheless, be, *ipso facto* validated, without the necessity of an express declaration, if after having attained the legal age of puberty they should have lived together for one day without having commenced judicial proceedings to have the marriage declared invalid or if the woman should have conceived before the legal age of puberty or before the institution of said suit."

It will be seen that subdivision 3 of our § 70 is more specific than § 83 of the Spanish Code as respects the identity of the persons who may commence judicial proceedings, since our Section expressly adds "the representatives of either of them" after the phrase "without having commenced judicial proceedings to have the marriage declared invalid," contained in § 83 of the Spanish Code. The unqualified statement in the original Spanish statute is clarified in ours by limiting the power to commence proceedings for annulment to the legal representatives of the person under age of puberty. The restriction incorporated in our Code is an expression of a clear legislative intent to except the other spouse, of legal age, from the scope of authorization regarding the judicial commencement of proceedings for the annulment of the marriage. The act of specific qualification entails the exclusion of other persons not included in the precise description.

Section 111 of our Civil Code provides as follows:

"The right to an action for a declaration of nullity of a marriage, belongs *to the parties* to the marriage, to the public attorney, and to such other persons as may have an interest in the annullment of the same.

"In case of violence or intimidation, the action of nullity can only be exercised by the innocent party." (Italics ours.)

The generality of § 111 should be subordinate and inapplicable to the special provision contained in subdivision 3 of § 70, which should be considered as an exception to § 111.

As a relevant and significant question of legislative history, § 102 of the Spanish Civil Code, which is the forerunner of our § 111, provides in part as follows:

"Actions for the annullment of marriage may be brought by either of the parties to the marriage, by the prosecuting officer, or by any person having an interest in procuring its annullment.

"Actions for annullment of marriage on the ground of abduction, error, force or intimidation are excepted from this rule. Such actions may be brought only by the party to whom the circumstances mentioned, or either of them, apply."

The situation in Spain is different from that prevailing in our jurisdiction. In the first place, the Spanish § 102 speaks in express terms of "exception." Ours does not. In the second place, as we have seen, § 70 of Puerto Rico establishes a limitation which does not appear in § 83 of Spain, that is, it refers to the proceedings to be commenced by the legal representatives of the spouse under the age of puberty. This implies the establishment of an additional exception.

The marriage performed in the case at bar is merely voidable, not void "ab initio." The defect of insufficient age is attached to the person under the age of puberty. It is a defect which is removed upon attaining legal age, whenever the circumstances enumerated in § 70 are present. That Section provides that the marriage shall be valid, "*ipso facto*" and without an express declaration," if the parties shall have lived together after having arrived at the legal age of puberty, without suit having been brought, or if the woman shall have conceived before the legal age of puberty, or before having filed suit. In other words, the marriage is subject to subsequent ratification by the acts of the parties, or by the lack of prosecution. A marriage thus ratifiable cannot be com-

pletely void or "void ab initio." The fact that it may acquire subsequent validity by the will of the parties, by action or omission, or by the lapse of time, places the marriage outside the class of those juridical acts which are inescapably void, which could never produce legal effects. *Campbell* v. *Campbell*, 78 Cal. App. 745, 248 Pac. 762; *Peefer* v. *State*, 182 N.E. 117; *Kirby* v. *Gilliam*, 28 S. E. 2d 40; Nelson, *Divorce and Annulment*, Vol. 3, p. 286. Being merely voidable, a marriage may be contested only by the incompetent who has the power, through his legal representatives, to validate the same by failure on his part to file suit. The applicable rule is that a voidable marriage for insufficient legal age may be annulled only at the request of the party below legal age. In *Rodríguez* v. *Díaz*, 65 P.R.R. 266, it is held that the marriage of a minor which may be valid with the parents' consent, and a marriage between first cousins which may be valid with judicial dispensation, is merely voidable and not void "ab initio." It is true that this Court also held that the marriage of a person already married is absolutely void (*Cruz* v. *Ramos*, 70 P.R.R. 681), but such marriage is not subject to ratification which is relevant in the case at bar.

The complaint and the evidence offered being insufficient to constitute or justify a valid action in favor of plaintiff, the judgment appealed from will be reversed and another judgment rendered instead dismissing the complaint.