Ryland Stanley Custalow

v.

Mary F. J. Custalow

June 13, 1966

Case B-8875

By JUDGE ALEX H. SANDS, JR.

The above case presented the questions (1) as to whether failure to prosecute the suit of the infant in the name of next friend was subject to correction by amendment prior to decree, and (2) whether such amendment, if possible, would validate the proceedings, including the taking of depositions up to the time of amendment.

As to the first question, while the precise point does not appear to have been raised in Virginia, I believe the defect can be cured by amendment at any stage prior to entry of bed and board decree. This is not the case where the suit is brought in the name of the wrong person, cf. Kirby v. Gilliam, 182 Va. 111 (1943), in which situation the defect is incurable by amendment. Idem. Here the suit is brought by the right person, but in the wrong manner. This distinction has been recognized by the Virginia Supreme Court, see Kilbourne v. Kilbourne, 165 Va. 87 (1935), as commented upon by the Court at page 122 of Kirby v. Gilliam, 182 Va., permitting amendment in the latter case, Kilbourne v. Kilbourne, supra, and refusing it in the former, Kirby v. Gilliam, supra.

That this type of defect is curable by amendment appears to be the general rule in other jurisdictions. The rule is thus stated in 27 Am. Jur., p. 838:

> A Court is not without jurisdiction to entertain a suit by an infant in his own name, but the bringing of such a suit is merely an irregularity which may be cured by thereafter appointing a next friend to prosecute the action and by amending the pleading accordingly.

The next question is whether such amendment, when made, validates the proceedings up to the date of amendment without necessity of redoing what has already been done, including the taking of depositions. This precise question was presented to the Ohio Supreme Court. Canterbury v. Penn. Ry. Co., 158 Ohio St. 68, 107 N.E.2d 115 (1952). The suit had originally been brought in the name of the infant and not by next friend. When this fact came to light defendant moved to dismiss the case for want of capacity of plaintiff to maintain an action in her own name. Counsel for plaintiff then prayed leave (1) to amend, and (2) for the case to proceed as though it had originally been commenced by next friend. Ohio had a statute very similar to Va. Code Sec. 8-119. Upon appeal the Supreme Court held that the plaintiff's motion should have been granted.

Va. Code Sec. 8-119 reads:

> In any suit . . . the Court may at any time in furtherance of justice, and upon such terms as it may deem just, permit any pleading to be amended or material supplemental matter be set forth in amended or supplemental pleadings. The Court shall, at every stage of the proceedings, disregard any error or defect which does not affect the substantial rights of the parties. (Emphasis added).

In accordance with the above, if you will advise me the name of the proposed next friend I will make the necessary amendments and enter your bed and board decree.