**Virgil BOLEN, parent, natural guardian and next friend of Keith Bolen, et al., plaintiffs,**

v.

**John W. BOLEN, M.D., and Waddell Hospital and Clinic Incorporated, Defendants.**

**Civ. A. No. 750363.**

United States District Court, W. D. Virginia, Abingdon Division.

Oct. 1, 1975.

**1372**

Robert H. Sack, Cincinnati, Ohio, and Jerry H. Geisler, Hillsville, Va., counsel of record, for plaintiffs.

Philip M. Sadler, Pulaski, Va., counsel of record for John W. Bolen, M.D.

Francis W. Flannagan, Bristol, Va., for Waddell Hospital and Clinic, Inc.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

In this suit which has been filed pursuant to the diversity jurisdiction of this court, 28 U.S.C. § 1332, the husband and two infant sons of Wanda Bolen seek damages from Dr. John Bolen and the Waddell Hospital and Clinic, Inc. Plaintiffs allege that on January 9, 1973, Dr. Bolen performed a tubal ligation on Wanda Bolen at the Waddell Hospital and that as a proximate result of the negligence of Dr. Bolen and the Waddell Hospital in failing to determine that Mrs. Bolen was pregnant prior to performing this operation, she gave birth to twin boys who were born with birth defects. In the first two counts of this complaint Virgil Bolen brings suit as the natural guardian and next friend of the twin boys, Keith and Kevin Bolen. In the third count of the complaint Virgil Bolen seeks $8500 in damages on his own behalf, for the medical expenses allegedly incurred by him as a result of the injuries to his sons.

The defendants have moved for summary judgment on the theory that Virginia does not recognize a cause of action for prenatal injuries, and in support of this position they rely exclusively on the case of *Lawrence v. Craven Tire Co.*, 210 Va. 138, 169 S.E.2d 440 (1969). In that case the plaintiff brought suit under the Virginia wrongful death statutes, Va.Code Ann. § 8–633 *et seq.*, as administrator of the estate of "baby girl Lawrence" who had been born dead, allegedly as a proximate result of the defendants' negligence. The Virginia Supreme Court held that a stillborn child was not a "person" within the meaning of the Virginia wrongful death statute and therefore no cause of action pursuant to that statute could be maintained by plaintiff. It is clear that the basis for the Court's decision in *Craven* was its construction of the Virginia wrongful death statute, and although the decision is supportive of defendants' position in the present case, it is obviously not dispositive since the case at bar is not a suit for wrongful death.

The court is aware of no case in Virginia which has addressed the question of whether a child can maintain a suit for negligently inflicted prenatal injuries, and thus this court must seek to determine how this precise issue would be resolved under Virginia law. The defendants argue that the decision in *Craven* should be read as denying any cause of action based on prenatal injuries, however neither the dicta of that case nor a consideration of the differences between that case and the case at bar necessarily supports such a broad reading of *Craven*.

The issue of whether a suit for negligently inflicted prenatal injuries can be maintained has been considered by numerous jurisdictions, and the decisions are set forth and thoroughly discussed in Annot., 40 A.L.R.3d 1222 (1971). The present state of the law is succinctly stated as follows:

> The law is now clear in virtually all American jurisdictions that have ruled on the question—a tort action can be maintained to recover damages for prenatal injuries negligently inflicted if the child is born alive. 40 A.L.R.3d at 1228.

It is noteworthy that while those courts considering the issue are now unanimous

in allowing negligence actions for prenatal injuries when the children are born alive, there is no such unanimity among courts in allowing wrongful death actions based on prenatal injuries.[1] Thus although the decision in *Craven* finds support from decisions in other jurisdictions, the court is aware of no current authority from any jurisdiction which would support defendants' position in the case at bar.

In *Craven,* the Virginia Supreme Court construed the wrongful death statutes as not intending to permit a suit on behalf of the estate of a stillborn child. As noted, the case at bar is primarily distinguishable in that it is not concerned with statutory construction. In addition there are fundamental policy distinctions between a wrongful death action such as that in *Craven* and the case at bar. The court in *Craven* as well as many other courts have noted that in a wrongful death action on behalf of the estate of a stillborn child there are no means of fairly estimating the pecuniary loss to the surviving beneficiaries. *See* Annot., 15 A.L.R.3d at 999–1004. However, in a case such as the one at bar where the children are born with defects, there is no particular difficulty in estimating the damages involved. Furthermore, there are compelling reasons in favor of allowing an action in a case such as this. Foremost among these reasons is the belief that if these children must endure life with physical and mental handicaps which proximately resulted from the negligence of others, fundamental notions of justice dictate that they be compensated. Secondly, the fact that these children may become wards of society or at the very least, be a substantial financial burden to their parents, supports the allowance of this suit. *See* Annot. 40 A.L.R.3d at 1231–1244.

■ The question thus presented is whether in light of the aforementioned reasons and the virtually unanimous authority from other jurisdictions allowing such suits, the law of Virginia would permit this suit to be maintained. This court is of the opinion that the decision in *Craven* was not intended to have the breadth which defendants would give it, and that if presented with a case such as this, the Virginia Supreme Court would be persuaded to follow the lead of those courts allowing such suits. This court simply cannot believe that Virginia would opt to be a minority of one among the numerous states considering this issue, particularly in view of what this court considers to be compelling arguments in favor of the maintenance of suits of this nature. Accordingly, the court is constrained to deny defendants' motion for summary judgment.

■ There is however a serious defect in the first two counts of plaintiffs' complaint which the defendants have not raised but which the court cannot overlook. As noted, the first two counts of the complaint are brought by Virgil Bolen as the natural guardian and next friend of the twin boys Keith and Kevin Bolen. Section 8–87 of the Virginia Code provides that "[a]ny minor entitled to sue may do so by his next friend". The Virginia Supreme Court has held that this statute requires that the suit be brought in the infant's name and not that of the next friend when the infant is the real party plaintiff. *Kirby v. Gilliam,* 182 Va. 111, 28 S.E.2d 40 (1943). In the first two counts of the complaint the infants are the real party plaintiffs and therefore the suit must be prosecuted in their names. Although this court is inclined to allow plaintiffs to correct this defect by amendment, the substantive law of Virginia is apparently that in the case of such a defect the suit must be dismissed without prejudice to the right of the next friend to refile the suit in the name of the infant. *Kirby v. Gilliam,* 182 Va. 111, 28 S.E.2d 40 (1943).

---

1. The issue of whether a wrongful death action can be maintained for the death of stillborn child is the subject of *Annot.,* 15 A.L.R.3d 992 (1967). This article indicates that those courts considering the question are fairly evenly divided.

The third count of the complaint is brought by Virgil Bolen individually and thus is not similarly defective. However, Mr. Bolen claims $8500 in damages in this count, which is below the $10,000 jurisdictional amount required for diversity purposes, 28 U.S.C. § 1332. Since Mr. Bolen's claim is separate from those of his children, the claims cannot be aggregated for purposes of establishing the requisite jurisdictional amount. See C. Wright, *Law of Federal Courts* 121–129 (2nd ed. 1970) and cases cited therein. Accordingly, this count of the complaint must also be dismissed, but such dismissal will also be without prejudice.

For the reasons stated, it is therefore the judgment of the court that plaintiffs' complaint be dismissed, but that such dismissal be without prejudice to the rights of Virgil Bolen and his sons to refile the complaint so as to correct the defects discussed above.

So ordered.

See also, D.C., 409 F.Supp. 1371.